**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**December 28, 2010**

**FOR THE TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

MICHAEL GENE YOUNG,

     Plaintiff-Appellant,

v.

KELLY WASKO, RN; THEODORE
LAWRENCE, P.A.; PATTY
BEECROFT, M.D.; DEBRA HOWE,
RN,

     Defendants-Appellees,

THOMAS A. ESKESTRAND, M.D.;
ORVILLE NEUFELD, M.D., PHD.,
DO.; R. LINDSEY LILLY, JR., M.D.;
LOUIS CABLING, M.D.; GARY A.
GO, M.D.; TEJINDER SINGH, P.A.;
DANNY ENGLUND, M.D.; JOSEPH
WERMERS, M.D.;  JOHN DOE AND
JANE DOE 1-50,

     Defendants.

No. 10-1070
(D.C. No. 1:07-CV-02041-CMA-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **TACHA**, **ANDERSON**, and **KELLY**, Circuit Judges.

Michael Gene Young, a prisoner appearing pro se, appeals the district court's grant of summary judgment to defendants Kelly Wasko, RN; Theodore Lawrence, P.A.; Patty Beecroft, M.D.; and Debra Howe, RN, on three of his 42 U.S.C. § 1983 claims. Mr. Young claimed these defendants-appellees were deliberately indifferent to his serious medical needs and therefore violated his Eighth-Amendment right to be free from cruel and unusual punishment. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (holding that prison officials violate an inmate's Eighth Amendment rights when they are "deliberately indifferent to [his] serious medical needs.").

We note first that the magistrate judge in this case made two Recommendations. The first recommended the dismissal of all of Mr. Young's claims with the exception of Claim One against Nurse Wasko and P.A. Lawrence, Claim Two against Nurse Wasko and Dr. Beecroft, and Claim Three against Nurse Howe (First Recommendation). Mr. Young filed no objection to the First Recommendation and the district court adopted and affirmed it in an order filed May 20, 2009. The second Recommendation, filed January 11, 2010, recommended the dismissal of the remaining claims (Second Recommendation). Mr. Young filed an objection to the Second Recommendation, but argued only that he believed the magistrate judge had failed to review his submitted exhibits

and asked for the court to order the clerk to locate his exhibits. The district court adopted and affirmed the Second Recommendation and entered its judgment dismissing Mr. Young's complaint and action. Mr. Young appealed.

Our jurisdiction over Mr. Young's appeal is under 28 U.S.C. § 1291.

> This court reviews an award of summary judgment *de novo*, viewing the record in the light most favorable to the non-moving party. Moreover, this court construes a *pro se* party's pleadings liberally. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

*Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir.) (quotation, citation, and bracket omitted), *cert. denied*, 131 S. Ct. 469 (2010).[1]

Mr. Young's appellate brief makes clear that he is appealing the district court's adoption and affirmation of the Second Recommendation. He argues that summary judgment was inappropriate because genuine issues of material fact existed in regard to his claims and that the magistrate judge–and, subsequently, the district court–erred by relying on an affidavit filed by the Chief Medical Officer of the Colorado Department of Corrections.

But Mr. Young's objection to the Second Recommendation complained only that he did not believe the magistrate judge examined all of Mr. Young's

---

[1] This court is aware that Rule 56 has recently been amended, effective December 1, 2010. *See* Fed. R. Civ. P. 56 advisory committee's note. We have applied, and refer to herein, the version of the rule that was in effect at the time summary judgment was granted.

exhibits.  "This circuit has adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate judge."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (quotation and brackets omitted). A failure to raise an issue in a timely objection to a magistrate judge's recommendation results in a waiver of that issue.  *See Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 n.1 (10th Cir. 2008).  "There are two exceptions when the firm waiver rule does not apply:  when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review."  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quotation omitted).

Here, the Second Recommendation specifically informed Mr. Young that a failure to file specific, written objections would result in waiver of appellate review.  As to the "interests of justice" exception, "[a]mong the factors this court has considered in determining whether to invoke the interests-of-justice exception are [1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Casanova*, 595 F.3d at 1123 (quotation and brackets omitted).  Here, Mr. Young filed an objection to the Second Recommendation; but none of his appellate arguments against the Second Recommendation were advanced in that objection. And our review of the record convinces us that those appellate arguments have little or no merit.  Thus, the interests-of-justice exception is not met.

-4-

Consequently, Mr. Young has waived his arguments regarding the district court's adoption and affirmation of the Second Recommendation.[2]

Mr. Young also briefly argues that the defendants improperly withheld discovery. He directs this court to the minutes of a hearing held August 6, 2009, and argues that "[t]he Magistrate ordered the Defendants to produce the information in Computer Stored In[f]ormation **#'V68.98'** as well as other Discovery requested by the Plaintiff." Aplt. Br. at 4. He claims that "[d]efendants were so negligent in turning over Discovery that [he] was unable to file Interrogatories or Requests for Admissions." *Id.*

Mr. Young's argument is meritless. The order to which Mr. Young refers, states:

> All responsive medical records in the possession, custody, and control of defendants and of the Colorado Department of Corrections have been produced to the plaintiff. [Defense Counsel] is directed, however, to complete his efforts to obtain, as an accommodation, any responsive medical records in the possession, custody, or control of the Colorado Department of Human Services and to produce any such responsive records to the plaintiff on or before August 20, 2009. The employee files sought by ¶2 of Plaintiff's Second Request for Production of Documents are not relevant to the plaintiff's treatment here, and the request is overbroad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

---

[2]     As noted above, Mr. Young specifically claims in his appellate brief that he is appealing the rulings contained in the Second Recommendation. Nevertheless, some portions of his brief could be read to attack some rulings from the First Recommendation. For the reasons previously set forth, any such arguments are waived by Mr. Young's failure to file any objection to the magistrate judge's First Recommendation.

*Id*. at 388. First, the order in question only required defense counsel to produce any further records received from the Department of Human Services. There is nothing to show that defense counsel received any further records. Second, Mr. Young failed to file a motion under Federal Rule of Civil Procedure 56(f) complaining that he could not adequately oppose summary judgment due to the failure to procure discovery. He has thus "waived the argument that the grant of summary judgment should be set aside for lack of sufficient discovery." *Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1124 (10th Cir. 2008).

Finally Mr. Young argues that his Motion for Summary Judgment was improperly stricken. His argument is internally inconsistent. He argues that the magistrate judge erred in striking his motion because the judge determined that the motion "was Seeking Affirmative Relief in the Form of Summary Judgment" when Mr. Young "Sought No Such Relief anywhere in the Motion." Aplt. Br. at 4. But the magistrate judge's order only struck Mr. Young's motion *to the extent* that he *was* affirmatively seeking summary judgment. If–as he now claims on appeal–he was not seeking summary judgment, then nothing was stricken and there is no basis for error.

The judgment of the district court is AFFIRMED. Mr. Young's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees is GRANTED. He is reminded that he is obligated to continue making partial payments until the entire appellate filing fee has been paid in full.

Entered for the Court

Stephen H. Anderson
Circuit Judge