42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles L. FREDERICK, Plaintiff-Appellant,
v.
STATE of Oklahoma; District Attorney's Office, Tulsa, OK;
Welfare Department, Tulsa, OK, Defendants-Appellees.
 No. 94-6275.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Plaintiff Charles L. Frederick, appearing pro se, appeals the district court's order dismissing his 42 U.S.C.1983 action. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 2
 On February 11, 1994 Plaintiff filed a 1983 action against Defendants seeking five billion dollars in damages for alleged constitutional violations arising from a proceeding in 1986 in which his parental rights were terminated. Defendants moved to dismiss and for summary judgment. On July 19, 1994 the district court adopted the magistrate's report and recommendation and dismissed Plaintiff's complaint as time-barred under the statute of limitations.[3] This appeal followed.
 
 
 3
 On appeal, Plaintiff contends the district court erred by dismissing his complaint as time-barred under the statute of limitations.[4] We review the district court's dismissal of Plaintiff's complaint de novo. Horowitz v. Schneider Nat'l, Inc., 992 F.2d 279, 281 (10th Cir.1993). Where a complaint shows on its face that the applicable statute of limitations has expired, dismissal for failure to state a claim is appropriate. Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir.1980). Because there is no federal statute of limitations for a 1983 action, the state personal injury statute of limitations determines the time in which such an action must be filed. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-50 (1989). Thus, in a 1983 action governed by Oklahoma law, the appropriate statute of limitations is the residual two-year limitation period for personal injury actions set forth in Okla. Stat. tit. 12, 95(3). Meade v. Grubbs, 841 F.2d 1512, 1523 (10th Cir.1988).
 
 
 4
 Here, the termination proceeding events forming the basis of Plaintiff's complaint occurred before or during 1986. Plaintiff, however, filed the instant action approximately eight years later on February 11, 1994. Thus, the district court correctly dismissed Plaintiff's claim as time-barred under Okla. Stat. tit. 12, 95(3).[5]
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 Although the district court also ruled that Defendants were entitled to immunity, we need not review the issue because we affirm the district court's dismissal of Plaintiff's action as time-barred under the statute of limitations
 
 
 [4]
 Plaintiff also argues the merits of the alleged constitutional violations committed by Defendants. However, we need not address whether Defendants' conduct infringed Plaintiff's constitutional rights because we affirm the district court's dismissal of his complaint under the statute of limitations
 
 
 [5]
 Plaintiff's motion for discovery is denied. We also deny the motion to file a brief out of time filed by the Defendant-Appellee David Moss, District Attorney for Tulsa County, Oklahoma