**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CALVIN EUGENE BARNETT,

    Plaintiff - Appellant,

v.

CORRECTION CORPORATION OF
AMERICA; OWNER OR OWNERS OF
CCA; ROBERT EZELL; BILL BOYD;
BRIAN (LNU), United Manager; BERRY
(LNU), Captain,

    Defendant - Appellees.

No. 11-7052
(D.C. No. 6:10-CV-00348-RAW-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

Plaintiff-Appellant Calvin Barnett is an inmate in the custody of the Oklahoma

---

[*]After examining Appellant′s brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Department of Corrections. On September 22, 2010, Mr. Barnett filed a *pro se* complaint under 42 U.S.C. § 1983, charging certain corporate owners and employees of the Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma, of violating his constitutional rights. In response to the defendants' Rule 12(b)(6) motion to dismiss, the district court dismissed the complaint as time barred under the statute of limitations. Mr. Barnett appealed.

We review a 12(b)(6) dismissal *de novo*, construing all facts and inferences in the light most favorable to the appellant. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010). Because Mr. Barnett is proceeding *pro se*, this court reviews the record and construes his pleadings liberally. *Id.* at 1125.

Mr. Barnett's complaint is vague and lacks detail, but he seems to allege that the defendants knew of a danger to two inmates—himself and his cell mate, Nathan Gerrod Houston—apparently as a result of conflict and likely violence between them.[1] Mr. Barnett contends he told the defendants that he feared for his life, but they did nothing to protect the two inmates from one another. According to Mr. Barnett, this failure to act caused Mr. Houston's death. Mr. Barnett was transferred from DCF on March 28, 2007, shortly after the death, and was charged with first degree murder on June 19, 2007. *Barnett v. Corrections Corp. of America*, 2011 WL 2971969 at *1 (E.D. Okla. Jul. 21, 2011). He has not returned to DCF. *Id.*

---

[1] In his complaint, Mr. Barnett states defendants knew "of the substantial risk . . . and harm, that either inmate, could have easy (sic) brought up on the other."

The limitations period for a § 1983 claim is governed by the forum state's limitation for personal injury actions. *Frederick v. Oklahoma*, 42 F.3d 1406, 1406 (10th Cir. 1994). In Oklahoma, this period is two years. Okla. Stat. tit. 12 § 95(A)(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Although Mr. Barnett's complaint does not specify the date of the alleged constitutional violations, he contends the violations occurred while he was an inmate at DCF and before Mr. Houston's death. Thus, the action accrued no later than his transfer date of March 28, 2007. The statute of limitations therefore ran on March 28, 2009—more than a year before this complaint was filed. When a complaint shows on its face that the applicable statute of limitations has expired, dismissal for failure to state a claim is appropriate. *Frederick*, 42 F.3d at 1406.

Mr. Barnett argues, however, that he is entitled to equitable tolling because he was not aware of the § 1983 violation until October 2009. Under Mr. Barnett's theory, the statute of limitations would not have run until October 2011, making his complaint timely. State law governs tolling in § 1983 cases. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). Oklahoma discovery rules toll the statute of limitations "until an injured party knows of, or, *in the exercise of reasonable diligence,* should have known of or discovered the injury." *Lovelace v. Keohane*, 831 P.2d 624, 629 (Okla. 1992).

Unfortunately, Mr. Barnett has not explained why he failed to discover the injury earlier, nor does he provide any reason why the court should find that he exercised reasonable diligence in spite of this failure. To the contrary, Mr. Barnett's own complaint requires an inference that he was, from the very beginning, aware of the key

-3-

facts underlying his claim: he claims he personally told the defendants of his concerns and they failed to separate him from his cellmate.

We find that the district court was correct in finding no grounds for equitable tolling. As such, the order dismissing this action is AFFIRMED.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge