**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DONALD L. BAKER,

      Plaintiff - Appellant,

v.

KATHY HOLT; GLENWOOD
APARTMENTS; CLAY COFFMAN;
COFFMAN INVESTMENT
COMPANY; TULSA POLICE
DEPARTMENT; TULSA
COMMUNITY OUTREACH
PSYCHIATRIC EMERGENCY
SERVICES; TULSA CENTER FOR
BEHAVORIAL HEALTH; TULSA
COUNTY MENTAL HEALTH
COURT; TULSA COUNTY
DISTRICT ATTORNEY;
OKLAHOMA DEPARTMENT OF
MENTAL HEALTH & SUBSTANCE
ABUSE SERVICES; STATE OF
OKLAHOMA; UNITED STATES OF
AMERICA; THERESA DREILING,
Special Judge, in her individual and
official capacity,

      Defendants - Appellees.

No. 12-5029
(D.C. No. 4:11-CV-00092-TCK-PJC)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

(continued...)

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Plaintiff Donald L Baker, who has been proceeding *in forma pauperis* (IFP), appeals the sua sponte dismissal of his Amended Complaint by the United States District Court for the Northern District of Oklahoma under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) directs a court to dismiss a case in which the plaintiff is proceeding IFP "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim upon which relief may be granted." The district court concluded, among other things, that "Plaintiffs' [sic] Amended Complaint (1) is pled in a manner that makes it impossible to meaningfully defend; (2) does not provide sufficient notice of the precise conduct of each defendant or the precise constitutional violations at issue; and (3) fails to state a plausible claim for relief against any defendant." R. at 217 (Order at 2, *Baker v. Holt*, Case No. 11-CV-92-TCK-PJC (N.D. Okla. Feb. 1, 2012). We have jurisdiction under 28 U.S.C. § 1291 and affirm because the Amended Complaint does not state a claim upon which relief can be granted.

I.     **BACKGROUND**

[*](...continued)
ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff's Amended Complaint is a lengthy document naming 12 defendants. We summarize the central points. Plaintiff has suffered from serious mental illness since childhood. After he had resided for about seven years at his residence, Glenwood Apartments, the complex obtained a new manager, Kathy Holt, who began to "reshape" the Apartments to present it as "Resort-Style Living." *Id.* at 44 (internal quotation marks omitted). Plaintiff had trouble getting along with Holt. In July 2010 the Apartment's attorney served Plaintiff with notice of lease termination, falsely accusing Plaintiff of making threats to management. Shortly thereafter, Tulsa Community Outreach Psychiatric Emergency Services (COPES) and the Tulsa Police Department (TPD) met Plaintiff at the Apartments and interviewed him. The following day, COPES and TPD arrived in the morning, arrested Plaintiff, and took him to the Tulsa Center for Behavioral Health (TCBH). TCBH interviewed him without the benefit of counsel and concluded that he was paranoid, delusional, grandiose, and exhibiting poor self-care. The Tulsa County Mental Health Court (MHC) issued an order of emergency detention, which lasted 66 days.

A few months after his release from detention, Plaintiff filed this lawsuit against Holt, Glenwood Apartments, Coffman Investment Company (CIC) (the owner of the Apartments), Clay Coffman (the owner of CIC), COPES, TPD, the Tulsa County District Attorney, TCBH, the Oklahoma Department of Mental

Health and Substance Abuse Services (ODMHSAS), MHC, the State of Oklahoma, and the United States of America.

The district court dismissed for frivolousness and for failure to state a claim. We will affirm on the second ground, so we need not address frivolousness.

## II.    DISCUSSION

"Because [Plaintiff] is proceeding pro se, we liberally construe his filings." *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). But the court will not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And the pro se litigant must still follow the rules of procedure. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)

We review de novo a dismissal for failure to state a claim. *See Casanova*, 595 F.3d at 1124. Under Fed. R. Civ. P. 8(a) a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court has explained, "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

(internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## A. The Apartment Defendants

The Amended Complaint fails to state a proper claim against Holt, Glenwood Apartments, CIC, and Coffman. Causes of action 1 and 2 allege (1) that the Apartments discriminated against Plaintiff and discriminates against tenants who are elderly, disabled, or "do not display 'Resort Style' appearances," R. at 47; (2) that the Apartments falsely accused him of threats, leading to his confinement in a mental institution; and (3) that Holt has not timely recalculated and adjusted rents in accordance with federal guidelines. Plaintiff alleges no facts concerning CIC or Coffman.

The only allegation that might be said to be supported by particulars is the allegation that Plaintiff was falsely accused of threats. But in describing the events when he was vacating his apartment, the Amended Complaint states:

> I feared that either something would happen to me in the heat or that GA [Glenwood Apartments] would assault me, and began to e-mail a public record of what was happening. When GA shortened the deadline to 24 hours, I despaired of removing between two and three thousand pounds of remaining property from my apartment and publically speculated on suicide by cop. I had no intention and did not threaten to hurt anyone else, nor would have followed through if left alone to remove all my property from my apartment.

*Id.* at 45. Given Plaintiff's admission that he threatened to hurt himself, the Amended Complaint does not provide "sufficient . . . factual content . . . [to permit] the reasonable inference" that Plaintiff was the victim of false, harmful allegations. *Iqbal*, 556 U.S. at 678.

### B. COPES and TPD

Cause of action 3 in the Amended Complaint alleges that COPES and TPD discriminated against Plaintiff in their investigation on the basis of his psychiatric disability. Plaintiff's allegations of discrimination are too vague to support a cause of action. Even if the investigation by COPES and TPD was deficient, the Amended Complaint alleges no facts showing that the deficiencies resulted from prejudice against the disabled.

### C. The District Attorney

Cause of action 6 alleges that the Tulsa County District Attorney, "on the basis of [Plaintiff's] . . . mental illness," deprived him "of due process and equal protection under the law," and "of civil rights under the U.S. Constitution Bill of Rights on the presumption of guilt, including the First and Second Amendments." R. at 53. Although the Amended Complaint asserts misconduct by the district attorney during Plaintiff's hearing in the MHC, no specifics are provided. These "naked assertions devoid of further factual enhancement" do not suffice to state a cause of action. *Iqbal*, 556 U.S. at 677 (brackets and internal quotation marks omitted).

-6-

**D.  TCBH, ODMHSAS, and the MHC**

Causes of action 4, 5, and 6 allege (1) that TCBH discriminated against Plaintiff and abused him on the basis of his disability; (2) that ODMHSAS implemented unconstitutional mental health laws; and (3) that the MHC deprived him (a) of his "liberty" and "peace of mind," R. at 52, and (b) of witnesses, cross-examination of adverse witnesses, adequate preparation and consultation for his defense, and access to other courts.  But the allegations are threadbare, lacking in the specificity required to support a claim that Plaintiff's rights were violated.

**E.  State of Oklahoma**

Cause of action 6 alleges that the State of Oklahoma deprived Plaintiff "of due process and equal protection under the law," and "of civil rights under the U.S. Constitution Bill of Rights on the presumption of guilt, including the First and Second Amendments." *Id.* at 53.  The Eleventh Amendment, however, deprives federal courts of subject-matter jurisdiction over States absent an express and unambiguous waiver by the State or an abrogation by Congress. *See Elam Constr., Inc. v. Reg'l Transp. Dist.*, 129 F.3d 1343, 1345 (10th Cir. 1997) (per curiam) ("The Eleventh Amendment immunizes states from suits in law or equity, including injunctive actions.").

**F.  The United States**

-7-

The Amended Complaint lists the United States of America as a defendant. Nowhere, however, does it allege facts involving the United States or otherwise state a claim against it.

## III.  CONCLUSION

We GRANT Plaintiff's motion to proceed IFP but AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge