FILED
United States Court of Appeals
Tenth Circuit

August 26, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARTY RAY ARDIZZONE,

  Petitioner-Appellant,

v.

JUSTIN JONES, Director,

  Respondent-Appellee.

No. 12-6288
(D.C. No. 5:12-CV-00913-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON**, Circuit Judge, and **BRORBY**, Senior Circuit Judge.

Marty R. Ardizzone, an Oklahoma state prisoner, sought a certificate of appealability (COA) from this court to appeal the district court's dismissal of his habeas petition as an unauthorized second-or-successive petition under 28 U.S.C. § 2254. After finding that the correctness of the district court's procedural ruling was debatable, we granted a COA and ordered the appellee to file a response

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

addressing why the case should not be remanded to the district court for consideration of the merits of Mr. Ardizzone's petition under 28 U.S.C. § 2241. The appellee argued in response that the district court's dismissal should be affirmed under the abuse-of-the-writ doctrine or because Mr. Ardizzone's claim was time-barred. We do not reach the appellee's contentions because we hold that Mr. Ardizzone waived his right to appellate review by failing to file a timely objection to a magistrate judge's report and recommendation (R&R) in the district court.

After the district court ordered the appellee to file a response to Mr. Ardizzone's habeas petition, the appellee moved to dismiss the petition, and Mr. Ardizzone filed a response in opposition to the motion. A magistrate judge then issued an R&R on November 8, 2012, recommending that the petition be dismissed for lack of jurisdiction. The R&R advised the parties of their right to file objections and set a deadline of November 28, 2012. The R&R stated further that "[t]he failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling." R. at 267.

Rather than filing an objection in the district court, Mr. Ardizzone filed a premature notice of appeal on November 15, 2012. On November 16, this court ordered him to show cause within 21 days (i.e., by December 7), why his appeal should not be dismissed for lack of jurisdiction because the district court had not yet issued an appealable order. In that order we also reiterated that Mr. Ardizzone had

until November 28 to file an objection to the R&R in the district court. But Mr. Ardizzone still did not file an objection to the R&R by that deadline. On December 3, the district court issued an order noting his lack of objection, adopting the R&R, and dismissing his petition. Mr. Ardizzone filed his objection in the district court on December 5. The court construed his filing as a motion to reconsider or vacate its December 3 order. It denied the motion, noting his failure to justify the late filing of his objection.

Mr. Ardizzone filed a memorandum brief in this court on December 26, 2012, which we construed as a response to our November 16 show-cause order. He indicated that he intended to appeal the district court's December 3, 2012 order. On January 16, 2013, we ordered him to show cause why his appeal should not be dismissed based on his failure to file a timely objection to the R&R. He responded on February 1, stating that he thought that the deadline for filing his objection was December 7, 2012, based on this court's November 16 show-cause order. He explained that he understood our order to have set a December 7 deadline because it said that the appeal would be tolled until that date. He noted that he filed his objection on December 5 based on that understanding, which he now recognizes was incorrect.

"This circuit has adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate judge." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (internal quotation marks and brackets

- 3 -

omitted).  Under this rule, "the failure to make timely objection waives appellate review of both factual and legal questions."  *Id.* (internal quotation mark and ellipsis omitted).  "There are two exceptions when the firm waiver rule does not apply:  when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (internal quotation marks omitted).

The first exception does not apply here because the R&R advised Mr. Ardizzone of the deadline to file his objection and the consequence of a failure to do so.  "Among the factors this court has considered in determining whether to invoke the interests-of-justice exception are [1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised."  *Casanova*, 595 F.3d at 1123 (internal quotation marks and brackets omitted).  Regarding the first factor, Mr. Ardizzone did make an effort to comply by filing an untimely opposition to the magistrate judge's R&R.  But the second factor does not weigh in his favor because his explanation for failing to file a *timely* objection is not plausible.  The R&R itself set forth the November 28 deadline.  Even if Mr. Ardizzone was confused by the R&R, as evidenced by his premature notice of appeal, we explained in our November 16 show-cause order that the case was still pending in the district court, and we reminded him that he had been given until November 28, 2012, to file his objection to the magistrate judge's

- 4 -

recommendation in the district court. Thus, Mr. Ardizzone was advised not once, but twice, about the time limit for filing his objection in the district court, yet he still failed to comply.

As to the third factor, through our COA Order we have advised the appellee and the district court of the need to distinguish between habeas petitions collaterally attacking a prisoner's conviction or sentence, which are filed and considered under § 2254, and habeas petitions challenging the execution of a prisoner's sentence, which are properly considered under § 2241. Mr. Ardizzone has not otherwise shown that the interests of justice support an exception to our firm waiver rule in this case, such that we should reach the merits of his appeal.

The judgment of the district court is affirmed.

Entered for the Court


Stephen H. Anderson
Circuit Judge