FILED
United States Court of Appeals
Tenth Circuit

September 25, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

---

GEORGE A. CASTRO; LUIS E.
CASTRO; and SHERRON L. LEWIS,
JR.

Plaintiffs - Appellants,

v.

KONDAUR CAPITAL
CORPORATION; HEATHER DEERE;
LAW OFFICES OF MICHAEL P.
MEDVED; and MARGARET T.
CHAPMAN, in her personal and
official capacity,

Defendants - Appellees.

No. 13-1095

(D. Colorado)

(D.C. No. 1:11-CV-03298-CMA-KLM)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs and appellants, George A. Castro, Luis E. Castro, and Sherron L. Lewis, Jr., proceeding *pro se*, appeal the dismissal of their complaint, in which they challenged the foreclosure of the property located at 13836 West 76th Place, Arvada, Jefferson County, Colorado (the "Property").  For the following reasons, we affirm the grant of defendants' motions to dismiss.

## BACKGROUND

The proceedings leading up to the motions to dismiss in this case are lengthy and complicated.  The Plaintiffs do not specifically contest any part of the magistrate judge's Report and Recommendation, including its detailed recitation of the facts and background of the case, which the district court affirmed and adopted.[1]  Accordingly, we take the following description of the background as correct:

> [O]n September 13, 2006, <u>Plaintiff Luis Castro executed a promissory note (the "Adjustable Rate Note", or the "Note") in the amount of $799,000 and a deed of trust (the "Deed of Trust") to the Property in favor of National City Bank</u>.
> On November 17, 2008, <u>National City Bank assigned its interest in the Property to Defendant Kondaur</u>.  The Assignment of

[1]In contrast to the Plaintiffs' Brief, the magistrate judge properly cited pleadings, documents and other materials in the record to support its factual statements.  Plaintiffs merely cite various Appendices, without any explanatory detail, for their bald statements.

Mortgage and Promissory Note was not recorded until February 7, 2011.

On November 25, 2008, Defendant Medved, acting on behalf of the National City Bank, filed a Notice of Election and Demand for Sale against the Property in the public record of Jefferson County, Colorado via the public trustee, Defendant Chapman.  This filing triggered the first foreclosure proceeding against the Property, Foreclosure Sale No. J0803326.  Defendant Medved then filed a motion seeking authorization from the state of Colorado's Jefferson County District Court (the "State Court") for Defendant Chapman to sell the Property at public auction on behalf of National City Bank.

On January 5, 2009, Plaintiffs claim that they rescinded the loan transaction with National City Bank by filing a Notice to Rescind in the Jefferson County public records.  They claim that they did this "due to the plethora of defects and substandard workmanship related to the completion of Plaintiffs' property and also based on [National City Bank's] failure to comply with the mandatory provisions of the Federal Truth in Lending Act."  On January 15, 2009, Defendant Medved filed a Withdrawal of Notice of Election and Demand for Sale by Public Trustee in the public records, thus cancelling Foreclosure Sale No. J0803326.

On January 27, 2009, Defendant Medved, acting on behalf of National City Bank, filed a second Notice of Election and Demand for Sale against the property in the public records of Jefferson County, Colorado, via the public trustee, Defendant Chapman.  Defendant Medved then filed another motion seeking authorization from the State Court for Defendant Chapman to sell the Property at public auction.  The motion was denied by the court based on defects in the Deed of Trust.

In an attempt to correct the errors in the Deed of Trust, Defendant Kondaur brought suit in the State Court, which led to a trial in which Plaintiff George Castro testified.  On December 14, 2010, the State Court held, in relevant part, that Defendant Kondaur was the successor in interest to National City Bank with respect to the Deed of Trust on the Property; that the scrivener's error as to the street address listed in the Deed of Trust was to be corrected; that both Plaintiffs Luis Castro and George Castro were to be signatories on the Deed of Trust, retroactively effective as of September 13, 2006; and that Plaintiff Sherron Lewis' ("LEWIS") interest in the Property, if any, was subordinate to the interest of Defendant Kondaur.

On an unspecified date prior to January 21, 2011, Defendant Medved filed a third motion seeking authorization from the State Court of Defendant Chapman to sell the Property at public auction. A Notice of Hearing was also filed in the public records on an unspecified date, setting "a date for the matter to be heard on [National City Bank's ] legal right to foreclose based on a purported default of the payments of such note." The Notice of Hearing stated, in part, "if no response is filed . . . the court may without any hearing authorize foreclosure and public trustee's sale without further notice." Plaintiffs claim that they never received a copy of the Notice of Hearing and thus had no opportunity to appear and be heard on the matter.

On January 21, 2011, the State Court granted Defendant Medved's third motion and authorized the sale of the Property on behalf of "National City Bank, its successors and assigns."

On February 24, 2011, Defendant Medved, acting on behalf of Defendant Kondaur, filed a third Notice of Election and Demand for Sale against the Property in the public records of Jefferson County, Colorado, via the public trustee, Defendant Chapman. Defendant Chapman, "at the behest of "Medved," sent Plaintiffs a Combined Notice of Sale and Notice of Rights to Cure and Redeem, which informed Plaintiffs that the Property would be sold at public auction on June 22, 2011. These documents stated that Defendant Medved was "Acting as a debt collector attempting to collet a debt."

On June 15, 2011, Plaintiff George Castro Filed for bankruptcy. On June 28, 2011, Defendant Medved, on behalf of Defendant Kondaur, filed a Motion for Relief from Automatic Stay, which was granted by the bankruptcy court.

On November 23, 2011, Defendants Kondaur and Medved commenced the foreclosure sale against the Property. The foreclosure was performed by Defendant Chapman through the Office of Public Trustee for Jefferson County. The Property was sold to Defendant Kondaur for $580,000, leaving a deficiency amount of $572,476.46. On December 16, 2011, plaintiffs filed this action, seeking revocation of the foreclosure, claiming violation of their due process rights and the [Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA")], and bringing state law claims for conspiracy and misrepresentation.

On December 20, 2011, the Public Trustee recorded a Confirmation Deed with respect to Foreclosure Sale No. J1100448. The Confirmation Deed transferred the Property from the Public

Trustee to Defendant Kondaur, which had bought the Property at the foreclosure sale. On January 30, 2012, the State Court issued an Order Approving Sale with respect to the Property.

Report & Recommendation at 2-7 (citations to record, footnotes omitted) (emphases added).

Defendants Kondaur Cap. Corp., Margaret T. Chapman, Heather Deere, and Attorney Michael P. Medved filed motions to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 12(b)(1). Plaintiffs filed responses; defendants filed replies. The magistrate judge recommended granting the motions. The district court adopted and affirmed that recommendation, dismissing the Plaintiffs' federal claims with prejudice and their state law claims without prejudice. This appeal followed.

## DISCUSSION

As indicated, the defendants filed motions to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction and/or Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The magistrate judge first properly noted the applicable standards of review for each motion:

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction

-5-

depends. The Court therefore must make its own findings of fact. In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56.

Report & Rec. at 7-8 (quoting Holt v. United States, 46 F.3d 1000-1003 (10th Cir. 1995) (further quotations omitted)); see also Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001).

Furthermore, we review de novo "a district court's determination of subject-matter jurisdiction." Rio Grande Silvery Minnow (Hybognathus Amarus) v. Bureau of Reclamation, 599 F.3d 1165, 1175 (10th Cir. 2010). "We review the [district] court's findings of jurisdictional facts for clear error," and "[a] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. But we will "view the evidence in the light most favorable to the district court's ruling." Id. Thus, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse." Id.

With respect to Fed. R. Civ. P. 12(b)(6), to survive such a motion, a plaintiff's well-pleaded factual allegations must, when taken as true and viewed in the light most favorable to the plaintiff, state a claim for relief "'that is

-6-

plausible on its face.'" Casanova v. Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation marks omitted).

The magistrate judge also expressed its awareness of Plaintiffs' *pro se* status: "[w]hen considering Plaintiffs' Complaint and Responses, the Court is mindful that it must construe the filings of *pro se* litigants liberally. However, the Court should not be an advocate for *pro se* litigants, nor should the Court 'supply additional factual allegations to round out [the *pro se* litigants'] complaint or construct a legal theory on [their] behalf.'" Report & Rec. at 9 (quoting Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

The magistrate judge proceeded to carefully and thoroughly apply those standards of review to the motions to dismiss presented in this case. The judge explained why the Rooker-Feldman doctrine "leads to the conclusion that the Court is without jurisdiction to provide the declaratory relief sought by Plaintiffs,

-7-

because Plaintiffs seek a reexamination of their rights in the foreclosed property, i.e., a declaration that 'the foreclosure on Plaintiffs' property [is] null and void, *ab initio*, and that any Public Trustee's Certificate or Purchase or Public Trustees's Confirmation Deed and any and all orders resulting from the Rule 120 proceeding be set aside due to non-compliance with the mandatory notice provisions and due process of law.'" Report & Rec. at 11-12 (quoting Compl. at 20). "'Such interference would require the Court to substitute its judgment for [that] of the state court on the issue of property rights, . . . which involves important state interests and looks to state law for their resolution.'" Id. at 12 (quoting Yokomizo v. Deutsche Bank Sec., Inc., 2011 WL 2912691, at *2 (D. Colo. July 20, 2011) (unpublished)).

After concluding that "reviewing Plaintiffs' due process claim would impermissibly involve a reexamination of the underlying state court proceedings and judgment," the magistrate judge and district court held that plaintiffs' due process claim was barred by the Rooker-Feldman doctrine.

The court concluded, however, that the Rooker-Feldman doctrine did not bar the assertion of subject-matter jurisdiction over Plaintiffs' FDCPA claims or the state law claims for misrepresentation and conspiracy. But, the court determined that, because "Plaintiffs' FDCPA claims are all premised solely upon Plaintiffs' assertion that Defendant Kondaur had no interest in the property," and because the Colorado state court had "determined that Defendant Kondaur had an

-8-

interest in the property, collateral estoppel prevents the Court from readdressing this issue." Id. at 19. Accordingly, the court dismissed Plaintiffs' FDCPA claims as barred by collateral estoppel. Finally, the court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims.

We again agree completely with the district court's analysis and conclusions. Having nothing further to add to its discussion, we affirm the district court's decision for substantially the reasons stated in its order, affirming and adopting the recommendation of the magistrate judge.[2]

## CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court dismissing Plaintiffs' federal claim with prejudice and their state law claims without prejudice.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2]The district court subsequently denied Plaintiffs' motion (pursuant to Fed. R. Civ. P. 59(e)) to alter or amend the judgment. To the extent Plaintiffs appeal that denial, we affirm that as well.