**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES B. SANTOS,

    Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

    Defendant - Appellee.

No. 14-5156
(D.C. No. 4:14-CV-00015-JED-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

James B. Santos appeals pro se from a district court order that dismissed his

complaint challenging the agency's denial of disability insurance benefits (DIB).

Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

**Background**

Mr. Santos submitted multiple DIB applications over several decades. Only

the two most recent are relevant here.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1997, Mr. Santos unsuccessfully applied for DIB. In denying the application, the agency listed Mr. Santos's date of last insured as December 31, 1986. He did not request a hearing before an administrative law judge (ALJ), and the agency's decision became final.

In 2012, Mr. Santos filed a DIB application that alleged a disability onset date in 2004. After his application was denied, Mr. Santos requested a hearing. But an ALJ dismissed the request, citing res judicata and concluding the 2012 application raised the same facts and issues as the 1997 application. In reaching that conclusion, the ALJ found that Mr. Santos was last insured for DIB on March 31, 1985.

Represented by counsel, Mr. Santos filed suit in federal district court. The Acting Commissioner moved to dismiss. A magistrate judge concluded res judicata did not apply because Mr. Santos's 1997 and 2012 applications were based on different facts, as they had different dates of disability onset and DIB coverage. Nevertheless, the magistrate judge found that the erroneous application of res judicata was harmless because Mr. Santos's 2004 disability onset date was "well after any of the previously stated dates last insured" in 1985 and 1986. R., Vol. I at 73 n.5. Thus, the magistrate judge recommended granting the motion to dismiss.

Mr. Santos did not object. The district court accepted the magistrate judge's recommendation and dismissed the case.

## Discussion[1]

"This circuit has adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate judge." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (brackets and internal quotation marks omitted). Under this rule, "the failure to make timely objection waives appellate review of both factual and legal questions." *Id.* (ellipsis and internal quotation marks omitted).

Mr. Santos seeks to avoid application of the rule because he lost his legal representation roughly five months before the report and recommendation was issued and he "was not notified [he] had to object." Aplt. Reply Br. at 2. Granted, "[t]here are two exceptions when the firm waiver rule does not apply: when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (internal quotation marks omitted). But neither exception applies here.

As for the first exception, the report and recommendation clearly advised that "[o]nly a timely specific objection will preserve an issue . . . for appellate review" and it listed the deadline for filing an objection. R., Vol. I at 74. Mr. Santos does not assert he failed to receive the report and recommendation. Indeed, as evidenced by his timely filing a notice of appeal, Mr. Santos received the district court's decision

---

[1] Because Mr. Santos is proceeding pro se, we construe his filings liberally, but we do not construct arguments or otherwise advocate on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

accepting the report and recommendation. He has failed to show the first exception to the firm waiver rule applies.

Regarding the second exception, "interests of justice," we typically "consider[ ] factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Duffield*, 545 F.3d at 1238 (internal quotation marks omitted). Mr. Santos does not adequately explain his failure to comply. He indicates he was representing himself for nearly five months before the magistrate judge issued the report and recommendation. But even assuming he did not receive the report and recommendation, he "has failed to identify any efforts he made to obtain the magistrate's recommendation after being made aware of its existence" via the district court's order accepting it, *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1268 (10th Cir. 1999). Mr. Santos has not addressed the importance-of-the-issues factor.

Accordingly, Mr. Santos has waived appellate review of the district court's decision dismissing his social security complaint.[2]

---

[2] The Acting Commissioner argues that this court "lack[s] jurisdiction to review a dismissal of a hearing request based on res judicata." Aplee. Br. at 10. We need not reach this issue, given that we have resolved this case on the non-merits ground of the firm waiver rule. *See Farrell-Cooper Min. Co. v. U.S. Dep't of Interior*, 728 F.3d 1229, 1234 (10th Cir. 2013) (noting that "[a] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits" (quoting *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007))).

**Conclusion**

The judgment of the district court is affirmed.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge