FILED
United States Court of Appeals
Tenth Circuit

**February 9, 2010**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

JORGE CASANOVA,

  Plaintiff-Appellant,

v.

WARDEN ROBERT ULIBARRI,

  Defendant-Appellee.

No. 09-2096

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 6:08-CV-00288-BB-CG)**

---

Submitted on the briefs:[*]

Jorge Casanova, Pro Se.

Carlos Elizondo, New Mexico Corrections Department Office of General Counsel, Deputy General Counsel, Santa Fe, New Mexico, for Defendant-Appellee.

---

Before **HENRY**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

---

**HARTZ**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jorge Casanova, proceeding pro se here as in the district court, appeals the district court's dismissal of his civil-rights complaint for failure to state a claim upon which relief can be granted. We reverse and remand. The court below improperly assumed (1) that an allegation in the answer to the complaint was true and (2) that undated incidents alleged in the complaint must have preceded the incident for which the complaint alleged a specific date. We grant Mr. Casanova's motion to proceed in forma pauperis.

## I.    BACKGROUND

On March 18, 2008, Mr. Casanova filed a complaint under 42 U.S.C. § 1983 in the United States District Court for the District of New Mexico, claiming that Warden Robert Ulibarri violated his constitutional rights while he was an inmate at the Central New Mexico Correctional Facility. He alleged, among other things, (1) that Ulibarri was deliberately indifferent to his serious medical needs when the warden directed Mr. Casanova to be placed in segregated confinement without his orthopedic shoes, coat, glasses, medication, dentures, hearing aid, and continuous-positive-air-pressure (CPAP) machine (for severe obstructive sleep apnea); (2) that his physician wrote that without the CPAP machine, he was at risk for "worsening cardiac function, cardiac disease, decreased neurological functioning, daytime fatigue[,] and distress and worsening psychiatric illness," R., Doc. 1 at 10; (3) that as a result of Ulibarri's

maltreatment, he was hospitalized for 11 months upon his release from segregation; and (4) that Ulibarri subjected him to cruel and unusual punishment. The complaint provides no dates for any alleged constitutional violation except to allege a "trailer search" on February 3, 2006. *Id.* at 6.

Ulibarri's answer stated that he did not assume his position as warden at the correctional facility until October 21, 2006, which was after the only date of misconduct alleged in the complaint. In response, Mr. Casanova filed a "Motion to Request" seeking guidance from the district court on how and when to present documentation in support of his claims. Reading Ulibarri's answer as intending to raise a motion to dismiss, the magistrate judge set a briefing schedule, beginning with a deadline of September 22, 2008, for Ulibarri to file a motion to dismiss and supporting brief. Ulibarri timely filed his motion. One proposed ground for dismissal was that the complaint did not state a claim against Ulibarri because he was not the warden at the correctional facility when the alleged constitutional violations occurred. Mr. Casanova's memorandum in opposition is long and discursive but appears to allege that the date when Ulibarri ordered him to segregation without his medical devices was November 6, 2006. After Ulibarri filed a reply, the magistrate judge issued proposed findings and recommended dismissal of the complaint for failure to state a claim because all the misconduct alleged in the complaint predated Ulibarri's tenure as warden.

Mr. Casanova did not file written objections to the magistrate judge's report and recommendation within the required ten days. On February 18, 2009, the district court adopted the recommendation, dismissing the complaint without prejudice. Six days later Mr. Casanova filed a letter asserting that he had not received the magistrate judge's report and referencing his prior pleadings that supported his claims. On March 30, 2009, he filed a document entitled "Motion," setting forth objections to the magistrate judge's report. He filed a notice of appeal on April 23, 2009.

This court construed Mr. Casanova's February 24 letter as a postjudgment motion and abated the appeal pending the district court's ruling on it. The district court denied the postjudgment motion on May 15, 2009, and this court lifted its abatement order.

On appeal Mr. Casanova contends that the district court erred in dismissing his complaint for failure to state a claim. He points to numerous times that his district-court pleadings allege misconduct on November 6, 2006, which was after Ulibarri became warden at the correctional facility.

## II. DISCUSSION

### A. Appellate Jurisdiction

We must first decide whether we have jurisdiction to hear this appeal. The order of dismissal was entered on February 18, 2009. Ordinarily, a notice of appeal must be filed within 30 days after judgment is entered. Mr. Casanova,

however, did not file his notice of appeal until April 23, 2009, more than 30 days after February 18. Nevertheless, his appeal was timely. If a party files a postjudgment motion within ten days of the final order, the time for filing a notice of appeal is tolled pending resolution of the motion. *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A). Mr. Casanova filed a postjudgment motion within ten days of the dismissal order, and the motion was denied on May 15, 2009. Because the notice of appeal predated May 15, we have jurisdiction. *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A) —the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

### B. Firm Waiver Rule

A second preliminary issue that we must resolve is whether Mr. Casanova waived appellate review by failing to raise a timely objection to the magistrate judge's proposed findings and recommendations. This circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004) (internal quotation marks omitted). "[The rule] provides that the failure to make timely objection . . . waives appellate review of both factual and legal questions." *Id.* (internal quotation marks omitted). We may, however, grant

relief from the rule in the "interests of justice." *Id.* (internal quotation marks omitted). Among the "factors this court has considered in determining whether to invoke the [interests-of-justice] exception" are "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1120 (10th Cir. 2005).

We begin with the first two factors—Mr. Casanova's effort to comply, and the force and plausibility of his explanation for his failure to comply. In his letter to the district court asserting that he had not received the magistrate judge's report, Mr. Casanova stated that he had inquired about filings at the district-court clerk's office on November 14, 2008; December 22, 2008; January 5, 2009; and January 12, 2009 (the report was entered on January 16). He stated that from January 28 to February 11, 2009, he was indisposed by medical procedures for colorectal neoplasia. Furthermore, the record suggests that there was an earlier problem with mail delivery to Mr. Casanova. Ulibarri represents that "[t]he [d]istrict court had no indication that there were any problems with mail delivery to the address provided by [Mr. Casanova] since the filing of the complaint in March 2008." Aplee. Br. at 3. But even though it is true that the record does not contain "any notice of returned or undeliverable mail," *id.*, Mr. Casanova had earlier alerted the court to a mail-delivery delay: On September 26, 2008, Mr. Casanova filed a "Motion to alert or warn the Court" stating that he had not

-6-

received Ulibarri's motion to dismiss, which was due on September 22, 2008. He later informed the court that he had received the motion to dismiss on October 2, 2008, and described his efforts to locate any mail sent to him.[1] Reading Mr. Casanova's explanation for his untimely response to the magistrate judge's report and recommendation in the light of his attentive (perhaps overattentive) responses to the other filings in this case, we conclude that his effort to comply and his explanation for not complying weigh in his favor. *See Wirsching*, 360 F.3d at 1197–98 (weighing the same factors in plaintiff's favor).

As for the final factor, the issues raised are "of considerable import." *Id.* at 1198 (internal quotation marks omitted). Mr. Casanova has alleged that Ulibarri wrongfully sent him to segregation without his medication and medical devices, despite his physician's letter advising that they were necessary.[2] In addition, he alleged that he required an extended hospitalization as a result of these actions. Therefore, we conclude that the interests of justice support an exception in this case to our firm-waiver rule.

---

[1]Also, we note that the address for Mr. Casanova on the district-court docket sheet is not the address that he provided on his complaint.

[2]Mr. Casanova's complaint also alleged other constitutional violations. Because we determine that the allegations regarding his placement in segregation "state a claim for relief that is plausible on its face," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted), we do not address the remaining allegations and we express no opinion on their viability.

## C.    Merits

Turning to the merits, we consider Mr. Casanova's contention that the district court erred in dismissing his complaint.  "The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed de novo."  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 78 U.S.L.W. 3295 (U.S. Jan. 19, 2010) (No. 09-549).  Courts must evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  We "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Smith*, 561 F.3d at 1098.  Because Mr. Casanova is proceeding pro se, we liberally construe his filings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The district court's disposition of the complaint was irregular.  Although it characterized its action as a dismissal for failure to state a claim, the court did not restrict itself to looking at the complaint.  Adopting the magistrate judge's recommendations, it not only considered Ulibarri's answer but even treated as true the answer's assertion that Ulibarri did not start work at the correctional facility until October 2006.  Moreover, the court assumed that the undated actions alleged in the complaint must have occurred before the one date alleged in the complaint; and it concluded that because that date was before October 2006, the complaint's allegations that Ulibarri participated in some of the undated actions

could not be true.  This approach was inconsistent with the requirement that when a court considers a motion for judgment on the pleadings, let alone a motion for dismissal of a complaint for failure to state a claim, it must construe all the nonmovant's factual allegations in the light most favorable to him.  *See Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000) (defendant's motion for judgment on the pleadings is evaluated by accepting as true the well-pleaded allegations of the complaint and construing them in the light most favorable to the plaintiff).  The court should ordinarily infer that undated alleged actions by Ulibarri must have occurred after he began working at the institution.  In addition, the court's acceptance of Ulibarri's allegation regarding the date that he arrived on duty is particularly troublesome in light of the court's failure to consider that Mr. Casanova, in his memorandum in opposition to Ulibarri's motion to dismiss, had alleged a date after Ulibarri's arrival as the date for his being placed in segregation.

It may be tempting to dismiss a complaint that fails to provide specific dates when their inclusion could show that the complaint should be dismissed— for example, because the applicable statute of limitations bars the claim.  But inclusion of a specific date may not be necessary to state a claim if the complaint alleges sufficient detail about an event to identify it.  That appears to be the case here.  Mr. Casanova's complaint provides enough specifics concerning his being

placed in segregation (which presumably was not a daily occurrence) that Ulibarri could likely identify the incident.

In any event, the preferable procedure when a specific date could support a dispositive defense motion is to require the plaintiff to provide a more definite statement under Fed. R. Civ. P. 12(e). *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 at 336 (3d ed. 2004) (noting propriety of granting a Rule 12(e) motion when clarifying the date may provide ground for a dispositive motion); *cf. id.* § 1377 at 344–46 (courts often deny motions for a more definite statement "because of the movant's ability to frame a responsive pleading or because the matter sought is a proper subject for discovery"); 2 James Wm. Moore, Moore's Federal Practice ¶ 12.36[3] (3d ed. 2009) (when addressing a Rule 12(e) motion, the court may consider "whether the movant has knowledge of the information sought," and will deny the motion "[i]f the movant's existing knowledge enables it to file a responsive pleading"). Here, the purpose of a Rule 12(e) motion was served when Mr. Casanova provided the date of the incident in his response to Ulibarri's motion to dismiss. Accordingly, we conclude that the district court erred in dismissing Mr. Casanova's complaint on the ground that the alleged incident predated Ulibarri's assumption of duties at the Central New Mexico Correctional Facility.

## III. CONCLUSION

Mr. Casanova's motion to proceed in forma pauperis on appeal is GRANTED. The judgment of the district court is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.