**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARCUS A. MALEY,

          Plaintiff-Appellant,

    v.

CITY OF GARNETT, GARNETT
POLICE DEPARTMENT, MIKE
CARPENTER, and EUGENE
McCLEOD,

          Defendants-Appellees.

No. 12-3235

(D. of Kan.)

(D.C. No. 12-CV-02472-EFM-JPO)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Marcus A. Maley filed a civil complaint against the City of Garnett,

Kansas, the Garnett Police Department, and two individuals, making vague

allegations relating to garnishments arising from his participation in the federal

Social Security program. While Maley alleges violations of 18 U.S.C. § 1581,

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

which criminalizes holding someone in debtors' servitude, the factual particulars underlying his claim are almost nonexistent.

In the district court, Maley's complaint was referred to a magistrate judge. Because Maley was proceeding in forma pauperis, the magistrate judge screened Maley's complaint, pursuant to 28 U.S.C. § 1915, to determine whether it (1) was frivolous or malicious, (2) failed to state a claim, or (3) seeks monetary damages from an immune defendant. The magistrate judge found that Maley's complaint failed to state a claim upon which relief could be granted. The district court, in reviewing the magistrate judge's report, noted there were no factual averments supporting Maley's claim, nor was there any indication that Congress had created a private right of action when it passed § 1581. *See Kaw Nation v. Springer*, 341 F.3d 1186, 1191 (10th Cir. 2003) (noting that Congress, when passing a criminal statute, must have explicitly or implicitly intended to create a private cause of action for one to exist). Maley filed an objection to the magistrate judge's report. Nevertheless, the district court adopted the report in its entirety and dismissed Maley's complaint.

Maley now appeals the district court's dismissal, and we exercise jurisdiction over his appeal under 28 U.S.C. § 1291. While we review the district court's dismissal of a complaint de novo, *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010), Maley offers us no reason to question the district court's judgment. On appeal, Maley offers more factual details than he did in his original

complaint—apparently, the complaint arises from the Garnett Police Department's unwillingness to take seriously his claims that he is an ongoing victim of slavery, terrorism, and torture at the hands of unspecified persons. These allegations, even if they had been included in the original complaint, would not have been sufficient to make out a plausible claim. *See id.* ("Courts must evaluate whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Accordingly, we AFFIRM for substantially the same reasons as the district court.

We also DENY Maley's letter of December 21, 2012, which has been construed as a motion to abate his case.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-3-