**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROCHELLE DRIESSEN,

      Plaintiff-Appellant,

v.

HOME LOAN STATE BANK,

      Defendant-Appellee.

No. 13-1215
(D.C. No. 1:12-CV-02220-MSK-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **BACHARACH**, Circuit Judges.

Ms. Rochelle Driessen appeals the dismissal of her complaint as a sanction for

failure to comply with court orders and rules. In addition, Ms. Driessen seeks leave

to proceed in forma pauperis. We affirm and deny pauper status.

In the suit, Ms. Driessen invokes the Electronic Funds Transfer Act and claims

that the Defendant failed to transfer her lottery winnings. The magistrate judge set a

---

[*]    The Defendant asks us to decide the appeal on the briefs, and the Plaintiff does not state whether she wants oral argument. We will not conduct oral argument because it would not materially assist in our decision. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

scheduling conference.  Then, Ms. Driessen moved for a default judgment and both parties moved for summary judgment. Based on these motions, the magistrate judge issued a minute order vacating the scheduling conference.  Ms. Driessen's responses ultimately led the district court to impose sanctions.

When she received the minute order, Ms. Driessen emailed the magistrate judge, saying she did "not appreciate" being ordered to attend a scheduling conference, only to have it vacated for "unknown reasons."  R. at 90.  Ms. Driessen added that she did not work for the court or have time to waste and told the magistrate judge:  "[D]o not ever have me ordered . . . to perform a duty and withdraw it."  *Id.*

The magistrate judge entered an order notifying Ms. Driessen that her email contained inappropriate language and that the local rules prohibited parties from emailing the assigned judge.  Based on the local rule, the magistrate judge ordered Ms. Driessen not to directly communicate with the court and warned that violation would result in sanctions.

Ms. Driessen was undeterred.  She responded by sending another email directly to the magistrate judge, advising her to read her own orders and the constitution.  R. at 96.  In addition, Ms. Driessen claimed the court had failed to send her the minute order vacating the scheduling conference and had instructed her to email the court.

The magistrate judge ordered Ms. Driessen to show cause why she should not be sanctioned under Fed. R. Civ. P. 11 based on her:

- repeated violation of the local rules and use of disrespectful and inappropriate language,

- violation of the magistrate judge's prior order not to email the court, and

- false representations that the court had not sent her the minute order and had instructed her to email the court.

Ms. Driessen claimed her actions were not subject to sanctions under Rule 11. The magistrate judge concluded that:

- Ms. Driessen had failed to show cause why the court should not impose sanctions under Rule 11(c),

- ordered her to pay a $100 fine, and

- warned her if she failed to do so by February 4, 2013, her case would be dismissed.

Ms. Driessen failed to pay the fine by that date.

The magistrate judge recommended dismissal with prejudice for failure to comply with three court orders, repeated use of disrespectful and inappropriate language, and repeated failure to comply with the local rules. In addition, the magistrate judge warned that failure to timely object to the report would constitute a waiver of appellate review. R. at 177. Ms. Driessen did not object to the report, and the district judge adopted the recommendation and dismissed the complaint.

On appeal, Ms. Driessen simply reurges the merit of her underlying cause of action. But she failed to object to the magistrate judge's report or address the district

court's rationale for the dismissal.  These omissions constitute a waiver of any objection to the district court's rationale for the dismissal.  *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010 (failure to timely object to the magistrate judge's report);[1] *City of Colo. Springs v. Solis*, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009) ("[A]rguments not raised in the opening brief are waived.").

Accordingly, we affirm the dismissal.  Because Ms. Driessen failed to present a reasoned, non-frivolous argument on appeal, we deny her application to proceed in forma pauperis.  Ms. Driessen must immediately pay any unpaid balance of her appellate filing fee.  The motion to dismiss is denied as moot.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] Ms. Driessen claims she never received a copy of the report and recommendation.  We may grant relief from the firm waiver rule in the interests of justice, considering such factors as a pro se litigant's effort to comply and the plausibility of her explanation for not complying.  *Casanova*, 595 F.3d at 1123.  Ms. Driessen does not present any evidence suggesting that there were problems with delivery of mail to her address in the district court's records.  Thus, we conclude the interests of justice do not warrant an exception to the firm waiver rule.