**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SUSAN LATHAM,

      Plaintiff - Appellant,

v.

FIVE BROTHERS MORTGAGE
COMPANY SERVICES AND
SECURING, INC.; EDDIE BROWN;
TAMARA LEE FRAWLEY;
COLORADO RESTORATIONS PLUS,
LLC.,

      Defendants - Appellees.

No. 15-1448
(D.C. No. 1:15-CV-01554-RPM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

    Susan Latham appeals from the dismissal of her Fair Debt Collection Practices

Act (FDCPA) claim. In 2009, her husband, Robert, entered into a Home Equity

Conversion Note (commonly known as a reverse mortgage) with Cherry Creek

Mortgage Company; Susan was not a party to the Note. Robert also executed a Deed

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Trust securing the Note with their house in Grand Lake, Colorado. The terms of the Deed of Trust allowed Cherry Creek Mortgage (the lender) to "require immediate payment-in-full of all sums secured by this Security Instrument" upon the death of the borrower. Aplt. App. at 53. The Deed of Trust also permitted the lender to "take reasonable action to protect and preserve" the property without notice if "vacant or abandoned or the loan is in default." Aplt. App. at 53. Robert passed away in August 2010. Susan continued to live at the property until January 2012, when she moved after becoming ill and being advised by her doctor to live at a lower elevation until she recovered.

Defendant Five Brothers Mortgage Company Services and Securing was hired by the servicer of the reverse mortgage to preserve the property.[1] In November 2012, it hired defendant Colorado Restorations Plus to preserve the property on its behalf because the note was in default. In 2014, Colorado Restorations entered the property, changed the locks, and stole or destroyed Susan's personal property.

Susan brought suit alleging a violation of the FDCPA and twelve state-law causes of action. Five Brothers moved to dismiss the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district judge dismissed the FDCPA claim with prejudice and the state-law claims without prejudice. Thereafter, Susan filed a complaint in state court to redress the state-law claims and now appeals

---

[1] Cherry Creek sold the Note and Deed of Trust to a new unknown lender, which hired an unknown servicing company, neither of which are parties to this suit. The complaint does not make the chain of transactions clear, but because these matters are not contested, we rely on the parties' representations simply to add context and clarity.

to this court to reverse the dismissal of her FDCPA claim. The dismissal of the state law claims is not an issue in this appeal.

We review de novo a claim's dismissal under Rule 12(b)(6). *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). The relevant portion of the FDCPA proscribes nonjudicial action by a debt collector — in this case, Five Brothers and Colorado Restorations as its agent — to effect dispossession of property if "there is no present right to possession of the property claimed as collateral through an enforceable security interest" or "there is no present intention to take possession of the property." 15 U.S.C. § 1692f & (6)(A)–(B).

As an initial matter, Susan argues the district judge improperly considered the terms of the Note and Deed of Trust in considering her FDCPA claim because doing so "violated the well-settled legal principle that the Court must accept as true all allegations in the complaint" at the 12(b)(6) stage. Opening Br. at 21. But documents outside of the complaint may be considered when they are "referred to in the complaint if the documents are central to the plaintiff's claim" or are "matters of which a court may take judicial notice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal quotation marks omitted). Although Susan did not mention the Deed of Trust in her complaint, we may judicially notice it as a recorded public record. *See Tal v. Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006). The Deed of Trust was properly considered.

Susan cannot state a claim under either § 1692f(6)(A) or (B). To begin with, she concedes the Note was in default prior to Colorado Restorations' entrance onto the property, giving it a present right to possession as provided in the Deed of Trust.[2] *See* § 1692f(6)(A); Aplt. App. 53 (allowing "reasonable action to protect and preserve" the property when the loan is in default). Whether or not the destruction or theft of Susan's personal property was reasonable, a violation of the Deed of Trust's terms is a state-law issue.[3] The FDCPA does not contemplate the reasonableness of the non-judicial action — only whether it is permissible under a present right of possession. *See* § 1692f(6)(A). The Deed of Trust granted that right to Colorado Restorations via Five Brothers. Even then, it is clear the lender had a "present intention to take possession of the property," having declared the loan in default, retained Five Brothers to preserve the property, and commenced foreclosure proceedings in Grand County thereafter. *See* § 1692f(6)(B).

Like the district judge, we can tease no viable claim under the FDCPA from Susan's complaint. AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[2] In her reply brief Susan asserts that the Note was declared in default before Five Brothers was hired. Reply Br. at 13. We accept her assertion as true.

[3] Susan's FDCPA claim appears to address only the dispossession of her real property. Her state-law claims, on the other hand, seek to redress the alleged destruction and theft of her personal property. For that reason, we apply the FDCPA only to Colorado Restorations' actions directed at her real property.

4