**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GLEN FOLSOM,

     Plaintiff - Appellant,

v.

MARK KNUTSON; TRACY
MCCOLLUM; JANET DOWLING; DAN
DAVIS; CHANDA GRICE; FELICIA
HARRIS; MIKE MCDOUGAL; LT. LEE;
JIM FARRIS; MR. FRANCIS,

     Defendants - Appellees.

No. 16-6296
(D.C. No. 5:13-CV-00632-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Glen Folsom, a state prisoner proceeding pro se, appeals the district court's

Fed. R. Civ. P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 civil rights action against

various Oklahoma prison officials. Adopting a magistrate judge's 56-page Report

and Recommendation (R&R), the district court dismissed Mr. Folsom's claims based

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on failure to state a claim for relief, qualified immunity, and Eleventh Amendment sovereign immunity. We affirm.

## I. Background

We briefly summarize the allegations in Mr. Folsom's amended complaint, which are thoroughly described in the R&R. His allegations consist largely of vague generalities without specific factual support. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that "conclusory allegations without supporting factual averments are insufficient to state a claim").

Mr. Folsom alleged that defendant Dan Davis, a prison official at James Crabtree Correctional Center (JCCC), sexually harassed him for several months by commenting while Mr. Folsom showered. But he described only one instance, alleging non-physical harassment while Mr. Folsom showered. *See* Amended Complaint, ROA Vol I, Doc. 43. Mr. Folsom filed a grievance about this incident. The JCCC warden, defendant Janet Dowling, told Mr. Folsom that JCCC's Chief of Security was investigating his grievance. Mr. Folsom admitted that, after he filed this grievance, the harassment stopped and defendant Davis no longer worked at JCCC. Mr. Folsom alleged without supporting facts that Warden Dowling knew about the harassment and did nothing stop it.

Mr. Folsom was later found guilty of battery and menacing against another inmate, and was placed in segregation.[1] He alleged that defendant Felicia Harris, a

---

[1] His complaint alleged defendant Chanda Grice, another JCCC prison official, filed false misconduct charges against him in retaliation for his grievance against Mr.

2

JCCC law library employee, did not give him the policies or forms he needed to appeal the misconduct charges and to file a grievance about his placement in segregation.

Mr. Folsom was then transferred to the Oklahoma State Reformatory (OSR). He alleged that defendant Warden Tracy McCollum allowed OSR staff to harass and retaliate against him by not giving him access to law library materials, which caused his grievances to be returned as deficient by defendant Mark Knutson, the Oklahoma Department of Corrections Director's Designee. He also alleged that he suffered a mental breakdown at OSR and that Warden McCollum permitted staff to deny him medical treatment and also transferred him to an overcrowded prison population with no psychiatric care.

Mr. Folsom was next transferred to Lexington Correctional Center (LCC). He alleged, all in conclusory terms, that on July 19, 2013, defendants Mike McDougal, an LCC unit manager, and Josh Lee, an LCC officer, physically and verbally abused him; defendant Jim Farris, the LCC warden, verbally abused him, started to beat him, and had LCC staff beat him; and defendant Francis, the LCC Chief of Security, verbally abused him and failed to intervene when LCC staff beat him. Mr. Folsom's

---

Davis. The magistrate judge recommended that Mr. Folsom's claims against Ms. Grice be dismissed because she was not properly served. Mr. Folsom failed to timely object to the recommendation. The district court adopted it and dismissed the claims against Ms. Grice for failure to effect service. Mr. Folsom has waived any challenge to this dismissal because he failed to object to the R&R. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (holding that we apply a firm waiver rule when a party fails to timely and specifically object to the findings and recommendations of a magistrate judge).

3

complaint does not provide any detail about this alleged physical abuse. Mr. Folsom's five-page grievance form complaining about the events of July 19, attached to his complaint, did not allege any physical abuse by any of the defendants.

Mr. Folsom claimed all the defendants violated either his Eighth Amendment right to be free from cruel and unusual punishment or his Fourteenth Amendment rights. He sought nominal, compensatory and punitive damages.

## II. District Court's Dismissal

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Mr. Folsom's complaint did not state whether he was suing the defendants in their official or individual capacities or both. Adopting the R&R, the district court ruled the Eleventh Amendment barred any official capacity claim for money damages against any of the state defendants and that such a claim must be dismissed for lack of subject matter jurisdiction. *See Ellis v. Univ. of Kan. Med. Ctr*., 163 F.3d 1186, 1196 (10th Cir. 1998) ("[T]he Eleventh Amendment bars federal court jurisdiction

4

over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages. . . .").  It also dismissed all individual capacity claims against the defendants for failure to state a claim because Mr. Folsom failed to allege sufficient facts to show any alleged conduct plausibly violated his constitutional rights.  Specifically as to each defendant:

Mr. Davis:  The district court, through adoption of the R&R, held that Mr. Folsom's allegation describing only the one incident of non-physical harassment by Mr. Davis, "[a]lthough . . . concerning," R&R at 15, ROA Vol. II, Doc. 179, did not objectively rise to the level of seriousness required under well-established precedent to state an Eighth Amendment violation for cruel and unusual punishment.  *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) (holding that verbal harassment alone is insufficient to state an Eighth Amendment claim); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (recognizing that "verbal threats and harassment" are "excluded from the cruel and unusual punishment inquiry").

Warden Dowling:  The court concluded that Mr. Folsom failed to adequately allege personal participation by Warden Dowling as to any of his claims.  *See Dodd v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (holding that a § 1983 plaintiff must plausibly plead each defendant's personal participation in a constitutional violation "by virtue of his own conduct and state of mind").  Mr. Folsom made only conclusory allegations against Warden Dowling.  He failed to present factual allegations indicating Ms. Dowling had knowledge of Mr. Davis's conduct before Mr. Folsom filed his grievance, any role in alleged retaliatory misconduct charges,

5

any involvement in Mr. Folsom's placement in segregation, any retaliatory motive related to Mr. Folsom's transfer to OSR, or any knowledge of risk that the transfer allegedly posed to Mr. Folsom's health and safety.

Ms. Harris, Warden McCollum, Mr. Knutson: The court ruled Mr. Folsom failed to allege facts showing that Ms. Harris's alleged actions of giving him incorrect forms contributed to deficiencies in his grievance filings, impeded his ability to exhaust his administrative remedies, or denied him access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996) (holding prisoner must allege facts showing defendant's actions hindered his ability to proceed with an actual non-frivolous legal claim). Similarly, it ruled that Mr. Folsom's claims alleging that Warden McCollum, Mr. Knutson, and other defendants gave him incorrect legal forms or impeded his access to prison libraries lacked any specific factual allegation that any action by any of these defendants impeded him from pursuing his administrative remedies or his access to the courts.

The court also determined that Mr. Folsom's conclusory allegation that Warden McCollum denied him medical care was insufficient to show Mr. Folsom had any serious medical need or that Warden McCollum knowingly disregarded a substantial risk of harm to Mr. Folsom. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (holding that a prison official may only be liable under the Eighth Amendment if he knew of, and disregarded, a substantial risk of a serious risk of harm to the inmate). It further found the remainder of Mr. Folsom's allegations

6

against Warden McCollum were simply recitations of legal cases without any connecting factual allegations about Warden McCollum.

     <u>Mr. McDougal, Lt. Lee, Mr. Francis, and Mr. Farris</u>: The court ruled that Mr. Folsom's conclusory allegations that defendants Mr. McDougal, Lt. Lee, Mr. Francis, and Mr. Farris beat him or failed to intervene to stop the use of excessive force were insufficient to state a plausible Eighth Amendment claim. Mr. Folsom provided no factual allegations that described the amount of force used, the extent of any physical injury, or any of the relevant circumstances. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (describing factors considered in evaluating an excessive force claim).

### III. Appeal

     We review the district court's grant of a motion to dismiss de novo. *See Broker's Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1102 (10th Cir. 2017). Because Mr. Folsom is a pro se litigant, we construe his pleadings liberally, but we do not serve as his advocate. *Hall*, 935 F.2d at 1110. On appeal, Mr. Folsom presents no meritorious arguments challenging the district court's rulings. He repeats the same allegations in his complaint, cites numerous cases, and summarily asserts that dismissal was improper.

     We have liberally reviewed all pertinent materials, including the complaint, briefing on the motions to dismiss, the R&R, the district court's dismissal order, and the briefing on appeal. We agree with the district court, for substantially the same reasons stated in the magistrate judge's September 4, 2015 R&R, that Mr. Folsom's complaint fails to state any plausible constitutional violation by any of the

defendants, and that the official capacity claims were properly dismissed for lack of subject matter jurisdiction due to Eleventh Amendment immunity.

The district court denied Mr. Folsom's motion to proceed in forma pauperis (IFP) based on its conclusion that an appeal could not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A). Mr. Folsom has renewed his IFP application on appeal, but he has not presented a reasoned, non-frivolous argument. Accordingly, we deny his application to proceed IFP on appeal, find his appeal frivolous, and assess a "strike" for purposes of 28 U.S.C. § 1915(g). Mr. Folsom must pay in full both his district court filing fee and his appellate filing and docketing fee to the Clerk of the District Court for the Western District of Oklahoma.

## IV. Conclusion

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

8