**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 10, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL "MIGUEL" GUTIERREZ,
individually and as personal representative
for the Estate of Max Joe Gutierrez
(Decedent),

      Plaintiff - Appellant

v.

LT. SAM RODRIGUEZ; JAMIE
GUTIERREZ, a/k/a Jamie Fetty; SGT.
WILLY KERIN; RAYMOND TAVISON;
MICHAEL LEFTAULT, in their individual
capacities; CITY OF BAYARD; BOARD
OF COUNTY COMMISSIONERS OF
GRANT COUNTY; GRANT COUNTY
SHERIFF'S DEPARTMENT, in their
official capacities,

      Defendants - Appellees.

No. 16-2187
(D.C. No. 2:14-CV-00567-MCA-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Michael "Miguel" Gutierrez brought seven claims under federal and state law against various individuals and entities in connection with his brother's death, which officials deemed a suicide. The district court dismissed the claims in a series of orders and ultimately entered judgment in favor of defendants. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

The following account is based on the allegations in the complaint, which we accept as true and view in the light most favorable to Plaintiff for the purpose of this appeal. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). Plaintiff's brother, Max Joe Gutierrez (Decedent), was married to Defendant Jamie Gutierrez (Wife), who was having an extramarital affair with Defendant Sam Rodriguez, a Bayard police officer. On the night of June 19, 2010, Decedent and Wife were having a domestic dispute in their home. Defendant Rodriguez and another officer, Defendant Willy Kerin, were located in another room in the home when a single shotgun blast to the head killed Decedent. Wife was the only eyewitness. She initially suggested the shooting was an accident but later said it was a suicide.

Defendant Rodriguez was initially in charge of the investigation, and according to the complaint, he "shielded [Wife] from any scrutiny or unbiased and un-conflicted, or otherwise critical and adverse questioning in the hours and days after the incident." Aplt. App. at 14, ¶ 20. About an hour after the shooting, Defendants Raymond Tavison and Michael Leftault, deputies from Defendant Grant

2

County Sheriff's Department, arrived, and Defendant Rodriguez turned the investigation over to them.

At some point on the night of the incident, Plaintiff also arrived on the scene. He "confronted Defendant officers outside his brother's home on the night of the incident, accusing them of murder and otherwise suspecting their complicity in the death of his brother." *Id.* at 21, ¶ 76. Defendant Leftault arrested Plaintiff for disorderly conduct, but that charge was ultimately dismissed.

Later that night, family members were allowed into the home, where they found cell phones belonging to Wife and Decedent. The search history on Wife's phone revealed Google searches such as "how+to+cover+up+a+suicde," "how+to+clean+up+a+crime+sceen," "maximum+sent+for+second+degree+murder+in+NM," and "how+to+poisen+with+out+a+trace." *Id.* at 17, ¶ 48.

## II. Complaint

Plaintiff filed the complaint on June 19, 2014, four years after the incident. The primary allegation is that the investigation into Decedent's death was inadequate due to Wife's romantic involvement with Defendant Rodriguez, resulting in damages to Plaintiff, Decedent, and Decedent's estate.

Claim 1 is for "Denial of Access to Courts and Denial of Fundamental Due Process Through Spoliation and Manipulation of Evidence." *Id.* at 18. In this claim, Plaintiff alleges that defendants failed "to conduct a reasonable, impartial, and thorough investigation" and engaged in "intentional manipulation of the scene." *Id.*

3

at 19, ¶¶ 60, 62.  As a result, Plaintiff was denied "adequate answers to important questions surrounding the true factual cause of [Decedent's] death," and he is entitled to compensatory and punitive damages.  *Id.* at 20, ¶¶ 63, 64.

Claim 2 is for "Conspiracy to Commit Homicide" and "Excessive Lethal Force."  *Id.* at 20.  Here, Plaintiff alleges that Wife and Defendant Rodriguez conspired to commit homicide and "denied the Plaintiffs their rights to be free from excessive lethal force" by planning to kill and killing Decedent.  *Id.* at 21, ¶ 72.

Claim 3 is for "Retaliation for Protesting Unlawful Police Actions."  *Id.* at 21. Bringing this claim on his own behalf, Plaintiff alleges that his arrest and prosecution for disorderly conduct violated his First Amendment rights.

Claims 4 through 6 are state-law claims for battery and wrongful death. Plaintiff alleges that Wife intentionally shot Decedent or caused the gun to fire by kicking it.  He alleges that Defendant Rodriguez "concealed knowledge and awareness of [Wife's] intention to and actual planning and staging of a domestic incident with her husband, and commission of a homicide, proximately causing the death of [Decedent]."  *Id.* at 22, ¶ 86.  He alleges in the alternative that "through spoliation of evidence" and by concealing the affair between Wife and Defendant Rodriguez, "law enforcement Defendants proximately caused the suicide."  *Id.* at 23, ¶ 92.

Claim 7 is for negligent hiring, retention, and training.  Plaintiff seeks to hold the entity defendants liable for "negligently hiring, retaining, supervising, and

4

training Defendant . . . Rodriguez, and all other individual law enforcement officers involved in the incident and subsequent investigation." *Id.* at 25, ¶ 104.

## III. Procedural History

Defendants Grant County, Grant County Sheriff's Department, Tavison, and Leftault (collectively, "County Defendants") filed a motion to dismiss, which the district court granted. With respect to Claim 1, the court determined that the individual County Defendants were entitled to qualified immunity because the allegations did not establish Plaintiff's "right to court access was sufficiently clear such that reasonable officers in Tavison and Leftault's position would have understood that they were violating Plaintiff's rights by the manner in which they investigated Decedent's death." *Id.* at 153. And the court determined the entity County Defendants could not be held liable because Plaintiff had not identified any policies or customs that caused the allegedly inadequate investigation. With respect to Claims 2, 4, 5, 6, and 7, the court determined that the allegations in the complaint did not implicate County Defendants, in large part because "County employees became involved only *after* the shooting occurred," *id.* at 158. Finally, the court concluded that Claim 3 was barred by the three-year statute of limitations for personal injury actions. *See* N.M. Stat. Ann. § 37-1-8.

Though the complaint purports to be brought by Plaintiff both individually and as personal representative for Decedent's estate, Plaintiff's application in state court to be appointed personal representative was denied, causing the district court to dismiss the federal claims brought on behalf of the estate for lack of a real party in

interest. The court denied Plaintiff's motion to be appointed personal representative of Decedent and dismissed the state-law claim for wrongful death, stating that Plaintiff had "not shown that he and his counsel are capable of adequately representing the statutory beneficiaries," Aplt. App. at 331. The court noted that Plaintiff knew early on about the alleged affair and the Google searches, yet he did not file his complaint until four years after Decedent's death, thereby "needlessly building a fatal statute of limitations problem into the wrongful death claim." *Id.* at 330. It also faulted Plaintiff for failing "to timely seek appointment as the personal representative of [Decedent's] estate," *id.* at 331 n.2, and for filing a complaint which shows that he "does not understand basic principles of municipal liability," *id.* at 155.

Defendants Rodriguez, Kerin, and the City of Bayard (collectively, "Bayard Defendants") filed a motion to dismiss that they resubmitted as a motion for summary judgment. The district court sua sponte issued an order to show cause why Plaintiff's remaining claims should not be dismissed, explaining that each one suffered from at least one fatal flaw. Pertinent to this appeal, the court stated with respect to Claim 1 that the individual Bayard Defendants were entitled to qualified immunity and that there were no allegations plausibly suggesting that the City of Bayard acted with deliberate indifference. It stated with respect to Claim 2 that the allegations were insufficient to support a claim under 42 U.S.C. §§ 1985 and 1986. And it stated that Claim 3 was time-barred. Plaintiff filed a response, which the court found unpersuasive, and it then dismissed the claims against the Bayard Defendants.

6

## IV. Appeal

Plaintiff makes four arguments in the opening brief, none of which address the district court's reasons for dismissing his claims. "Issues not raised in the opening brief are deemed abandoned or waived." *Riser v. QEP Energy, 776 F.3d 1191, 1201* (10th Cir. 2015) (alteration and internal quotation marks omitted). As a result, we discern no basis for reversing the district court's judgment.

First, Plaintiff argues the district court improperly applied the statute of limitations to his denial-of-access-to-court claims made in Claim 1. But the district court dismissed Claim 1 based on qualified immunity and failure to adequately plead a plausible claim for relief—not because it was time-barred.

Second, he argues the district court improperly denied his motion to be appointed personal representative of Decedent for the wrongful-death claim. But Plaintiff does not contest the court's determination that he had "not shown that he and his counsel are capable of adequately representing the statutory beneficiaries," Aplt. App. at 331, which is why the motion was denied.

Third, Plaintiff argues the district court should have applied a six-year statute of limitations to his §§ 1985 and 1986 claims brought in Claim 2. But the district court dismissed Claim 2 for failure to state a claim—not because it was time-barred.

Fourth, Plaintiff argues the district court should have applied equitable tolling "given the unique nature of the underlying claims and facts in dispute in the instant case." Opening Br. at 10. But only Claim 3—premised on Plaintiff's arrest and prosecution for disorderly conduct—was dismissed as time-barred, and Plaintiff

7

makes no argument as to why equitable tolling should apply based on the factual allegations on which this claim rests. In response to County Defendants' motion to dismiss, Plaintiff argued in the district court that equitable tolling should apply based on the doctrine of fraudulent concealment. But "[a] plaintiff alleging fraudulent concealment carries the burden to establish all facts necessary to prove it." *Estate of Brice v. Toyota Motor Corp.*, 2016-NMSC-018, ¶ 10, 373 P.3d 977. As the district court noted, the allegations do not demonstrate that there was any concealment with respect to Claim 3, and Plaintiff knew about the allegedly wrongful retaliatory act when he was charged with disorderly conduct in the magistrate court in June 2010. Plaintiff has failed to show he is entitled to equitable tolling on this claim.

## V. Conclusion

The judgment is affirmed.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

8