**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LEE OTERO,

      Plaintiff-Appellant,

v.

COMMISSIONER, SSA,

      Defendant-Appellee.

No. 17-4172
(D.C. No. 2:16-CV-00274-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

This appeal involves a procedural challenge to the Social Security

Administration's denial of disability benefits. We reject the procedural

challenge and affirm.[1]

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

[1]    Mr. Otero is pro se and requests oral argument, stating that this is the only way that he can adequately express his points. We are sympathetic with Mr. Otero's difficulty but are constrained to deny the request. Oral argument is designed to flesh out the arguments presented in the briefs, not to create a forum for new arguments. For the arguments presented in the briefs, oral argument would not materially aid our consideration. Thus, we have decided the appeal based on the briefs. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Plaintiff Mr. Lee Otero alleged that he was disabled, and the administrative law judge conducted an in-person hearing. The judge later found that Mr. Otero was not disabled, and the Appeals Council denied review. Mr. Otero brought a federal suit to challenge the administrative law judge's finding. In that suit, a federal magistrate judge recommended that we affirm and pointed out to Mr. Otero that a failure to object within fourteen days could constitute a waiver of further review. Mr. Otero did not object, and the district court adopted the magistrate judge's recommendation.

On appeal, Mr. Otero contends that the proceedings were unfair because he had expected a telephonic hearing and received an in-person hearing instead. We reject this contention: Mr. Otero waived this contention by failing to object to the magistrate judge's recommendation, and the procedures did not result in prejudice to Mr. Otero.

The failure to object proved fatal because we have adopted a firm-waiver rule, declining to entertain appellate arguments when the aggrieved party fails to timely object to the magistrate judge's recommendation. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). An exception exists, allowing us to consider the appellate argument when appropriate in the interests of justice. *Id*. But Mr. Otero has not invoked this exception or provided a reason to apply it.

2

Even if Mr. Otero had not waived his appellate argument, we would reject the procedural challenge. For this challenge, Mr. Otero had a burden to show prejudice. *Mays v. Colvin*, 739 F.3d 569, 573 (10th Cir. 2014). He failed to satisfy this burden. He states only that he expected a telephonic hearing and instead received an in-person hearing. Typically, an in-person hearing would provide a greater opportunity for Mr. Otero's participation than a telephonic hearing. Thus, it appears that the opportunity for an in-person hearing benefited Mr. Otero.

Mr. Otero asserts that he needed "a real courtroom with human beings in it." Appellant's Opening Br. at 2. Our record does not reflect the layout of the administrative law judge's hearing room, but we have no reason to believe that the layout interfered with Mr. Otero's opportunity to present evidence or argument.

At the hearing, the administrative law judge offered to answer questions and to postpone the hearing for Mr. Otero to obtain an attorney, explaining that attorneys would take the case on a contingency fee (avoiding any expense to Mr. Otero). In addition, Mr. Otero participated fully in the hearing. Thus, even if Mr. Otero had not waived his appellate argument, it would have failed on the merits based on the absence of prejudice.

3

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge