**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL MCGOWAN,

    Plaintiff - Appellant,

v.

C. HUDDLESTON, ADX Nurse; JONES,
ADX Nurse; WILLIAMS, ADX Nurse; M.
PALIDER, Lieutenant; J. ARMIJO,
Lieutenant; S. SCARBROUGH,
Lieutenant; D. BEHLE, Lieutenant; D.
MURTON, Lieutenant; N. RUDD,
Lieutenant,

    Defendants - Appellees.

No. 19-1457
(D.C. No. 1:18-CV-03353-CMA-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **EID**, Circuit Judges.
_____

Michael McGowan is a pro se Mississippi inmate in the custody of the Bureau

of Prisons (BOP). He appeals the district court's grant of summary judgment on his

Eighth Amendment claim for failure to exhaust administrative remedies. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

I

Mr. McGowan filed an amended complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claiming he was denied adequate medical care and repeatedly placed in four-point restraints in violation of the Eighth Amendment. He also claimed he was improperly transferred from Mississippi into BOP custody. On initial screening, the district court adopted a magistrate judge's report and recommendation to dismiss the improper-transfer claim as frivolous. Defendants then moved for summary judgment on the Eighth Amendment claims, arguing that Mr. McGowan failed to exhaust his administrative remedies. A magistrate judge agreed and recommended granting the motion. After the time had passed for Mr. McGowan to object to that recommendation, the district court adopted it and entered summary judgment on both Eighth Amendment claims. Mr. McGowan now appeals the entry of summary judgment on his Eighth Amendment unlawful-restraint claim, insisting he exhausted it.[1]

II

As an initial matter, we reject defendant's contention that this appeal is barred by the firm waiver rule. Under this court's firm waiver rule, "the failure to make timely objections to the magistrate[ judge's] findings or recommendations waives

---

[1] Mr. McGowan's opening brief does not contest the disposition of his improper-transfer and denial-of-medical-care claims, so we do not consider those rulings. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

2

appellate review of both factual and legal questions." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal quotation marks omitted). The firm waiver rule "does not apply, however, when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (italics and internal quotation marks omitted).

The magistrate judge's report and recommendation warned Mr. McGowan of the consequences of failing to timely object, but he contends he did not receive it until the time for objecting had already run. He says the district court clerk sent the report and recommendation to the wrong address at the Federal Transfer Center in Oklahoma City, Oklahoma (FTC-Oklahoma City) after he had already been transferred to another prison in California (MDC-Los Angeles). This explanation finds some support in the record. Specifically, before the report and recommendation issued, Mr. McGowan notified the district court on October 11, 2019, of his new address at MDC-Los Angeles. *See* Dist. Ct. Doc. 47. Then on October 24, he notified the court that his address had changed back to FTC-Oklahoma City and that it would change again, although he did not specify another address. *See* Dist. Ct. Doc. 52. Several days later, on November 1, the magistrate judge issued the report and recommendation, notifying Mr. McGowan that he had fourteen days to object. Mr. McGowan did not object, but on November 25, he notified the court that he had been transferred once again to MDC-Los Angeles, although he did not indicate when

3

he had been transferred. *See* Dist. Ct. Doc. 57. The record does not reflect his whereabouts on November 1, but on January 7, 2020, Mr. McGowan notified the court that he was being transferred from MDC-Los Angeles back to FTC-Oklahoma City and that he would eventually be transferred to the United States Penitentiary in Florence, Colorado. *See* Dist. Ct. Doc. 68.

Given the record's lack of clarity regarding Mr. McGowan's whereabouts on November 1, the number of times he was transferred immediately before and after the magistrate judge issued his report and recommendation, and Mr. McGowan's efforts to inform the court of his whereabouts, we decline to apply the firm waiver rule and proceed to the merits of this appeal. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123-24 (10th Cir. 2010) (concluding that the inmate's efforts to comply with the firm waiver rule and the plausibility of his explanation for failing to do so weighed in favor of excusing him from the rule's application).

### III

"We review summary judgment decisions de novo, applying the same legal standard as the district court." *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019) (internal quotation marks omitted). "'The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "We also review de novo the finding that Mr. [McGowan] failed to exhaust his administrative remedies." *Id.* (internal quotation marks omitted).

4

The Prison Litigation Reform Act (PLRA) states that "'[n]o action shall be brought with respect to prison conditions by a prisoner . . . until such administrative remedies as are available are exhausted.'" *Id.* at 1226 (quoting 42 U.S.C. § 1997e(a)) (ellipsis omitted). To satisfy the exhaustion requirement, an inmate must properly exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citation omitted). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Absent a specific administrative directive, "a grievance satisfies § 1997e(a)'s exhaustion requirement so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006), *overruled on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).

Mr. McGowan contends he exhausted his unlawful-restraint claim by filing grievance number 952248. Defendants do not dispute this grievance was exhausted. *See* Resp. Br. at 5. The problem for Mr. McGowan, however, is that in grievance number 952248, he sought to be transferred back into the custody of the Mississippi Department of Corrections (MDOC), not to stop the BOP's alleged use of four-point

5

restraints.  He wrote that the MDOC and the BOP entered into "Intergovernmental Agreement # 797-9" (the Agreement) but the BOP was "refusing to abide by" it. R. at 416.  He asserted the BOP was bound to follow MDOC's "laws, rules and regulations," and he averred, "I have constantly stated Mississippi does not have a punishment of ambulatory or 4 point restraints." *Id.*  He therefore requested to be returned to MDOC custody or to have the BOP adhere to the Agreement. *See id.*  But prison officials denied the grievance as repetitive of earlier grievances in which Mr. McGowan had similarly requested to be transferred back to the MDOC.

Mr. McGowan insists grievance number 952248 was not repetitive of earlier grievances, but that argument is beside the point.  The dispositive issue is whether Mr. McGowan satisfied the exhaustion requirement by referencing the BOP's alleged use of four-point restraints in seeking to be transferred back into MDOC custody. We conclude that he did not.  The governing BOP regulations state that an inmate may file a grievance form raising "a single complaint or a reasonable number of closely related issues." 28 C.F.R. § 542.14(c)(2).  "If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without a response, and the inmate shall be advised to use a separate form for each unrelated issue." *Id.*  "If more space is needed, the inmate may use [a] continuation page." *Id.* § 542.14(c)(3).

Mr. McGowan did not use a continuation page in lodging his grievance.  He submitted only the grievance form seeking to be returned to MDOC custody because the BOP was violating the Agreement.  Although he mentioned that the MDOC does

6

not use ambulatory or four-point restraints, this was either an unrelated issue that would have been rejected, or, at best, a "closely related" issue to support his assertion that the BOP was violating the Agreement, presumably by using four-point restraints, thereby justifying his transfer back to the MDOC. Either way, Mr. McGowan could have, but did not, elaborate on his reference to four-point restraints. He attempts to do so now, arguing that the "only relief [he] deem[ed] legitimate [was] to be released from the [Agreement], which [was] holding him in [BOP] custody," Aplt. Br. at 2, but he fails to explain why he did not simply request that staff stop using four-point restraints. In any event, the focus of the grievance was that Mr. McGowan should be returned to the MDOC because the BOP was violating the Agreement. Given this context, Mr. McGowan's reference to four-point restraints was not enough to exhaust a separate unlawful-restraint claim. Instead, it appears more likely that grievance number 952248 aimed to exhaust Mr. McGowan's improper-transfer claim, which is not before us. Accordingly, the district court properly granted summary judgment.

IV

The judgment of the district court is affirmed. Mr. McGowan's motion to proceed on appeal without prepayment of filing fees is granted, and he is reminded of his obligation to continue making partial payments toward his appellate filing fee until the entire balance is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).

Entered for the Court

Allison H. Eid
Circuit Judge

7