**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TONI R. PALMER,

     Plaintiff - Appellant,

v.

KAISER FOUNDATION HOSPITALS
TECHNOLOGY RISK OFFICE,

     Defendant - Appellee.

No. 18-1028
(D.C. No. 1:16-CV-02376-WJM-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

Toni R. Palmer appeals from the district court's grant of summary judgment to

her former employer, Kaiser Foundation Hospitals, in her employment lawsuit.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

Palmer began working as a Senior Case Manager in the Technology Risk

Office of Kaiser Foundation Hospitals (Kaiser) on March 31, 2015. She was the only

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

African-American employee in her department. Starting in May, she was assigned as a support person for Senior Director Natalie Henderson, who had participated in the hiring process and approved of hiring Palmer. But Henderson was dissatisfied with Palmer's performance, and Palmer had difficulty with Henderson's management style. Palmer accused Henderson of bullying her, intimidating her, and being critical of her. She experienced physical and mental ailments due to her work situation, and she unsuccessfully sought transfers to other departments. By the end of 2015, Palmer had complained about Henderson numerous times.

On January 11, 2016, Henderson presented Palmer with a thirty-day Performance Improvement Plan (PIP). In February Henderson extended the PIP for another thirty days. Palmer failed to successfully complete the PIP.

The PIP ended on March 11, 2016. The next day, Henderson decided to terminate Palmer's employment. She planned to tell Palmer at a meeting scheduled for March 24. But after receiving an allegedly hostile communication from another team member on March 22, Palmer called in sick on March 23, 24, and 25. She then submitted doctor's notes to support her request for medical leave through the first part of April. Henderson e-mailed Palmer about the unsuccessful conclusion of the PIP and rescheduled their meeting for Palmer's return.

On April 6, Palmer's therapist submitted a certification in support of a request for leave under the Family and Medical Leave Act of 1993 (FMLA). The request was for two to three hours, one day per week, to attend therapy.

2

Palmer returned to work on April 11, and Kaiser terminated her employment effective that day. On April 12, the same day Palmer's physician signed a certification she would need FMLA leave one to two days a month, Kaiser approved her FMLA request. It retroactively applied FMLA leave to adjust Palmer's paid-time-off payout amount.

Palmer sued Kaiser, alleging race discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964; interference and retaliation under the FMLA; and intentional infliction of emotional distress under the Federal Tort Claims Act (FTCA). Palmer later moved to amend her complaint to add nine new defendants and additional factual support for her claims. The district court denied leave to amend because Palmer's proposed new claims were subject to dismissal and thus would be futile. The district court then granted Kaiser's motion for summary judgment on all claims. Palmer now appeals.

## DISCUSSION

Because Palmer appears pro se, we construe her filings liberally. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018). But "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted). The court affords a solicitous reading to pro se briefing, but it "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (brackets and internal quotation marks omitted). For reasons discussed below, ignoring the

3

shortcomings of Palmer's briefing would stretch solicitude beyond elastic limits. We cannot impartially decide an appeal if we assume the role of an advocate.

Palmer first complains the district court denied leave to amend her complaint. Generally we review a denial of amendment for abuse of discretion, but because the district court's decision was based on a determination of futility, our review is de novo. *Jones v. Norton*, 809 F.3d 564, 579 (10th Cir. 2015).

Palmer sought to bring her Title VII, FMLA, and FTCA claims against nine additional defendants—six individuals and three Kaiser-related entities. The district court concluded Palmer had failed to adequately object to the magistrate judge's recommendation regarding some of the claims. It further concluded the remaining claims failed to state a cognizable claim. For example, the Title VII claims were futile because none of the new defendants were Palmer's employer, and the FTCA claims were futile because none of the new defendants were subject to the FTCA.

Under this court's firm waiver rule, a failure to object to a magistrate judge's findings and recommendations "waives appellate review of both factual and legal questions." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (internal quotation marks omitted). Palmer does not challenge the determination she inadequately objected to parts of the recommendation and does not assert any exception to the firm waiver rule should apply. Thus, we do not review the denial of amendment as to claims to which Palmer did not object. *See Requena*, 893 F.3d at 1205 (stating this court addresses only those claims challenged on appeal and does not "conjure facts [a pro se plaintiff] might conceivably raise in support of his

4

claims"). And having reviewed the remaining proposed claims, we see no error in the district court's conclusion they were legally futile. Particularly, as the district court stated, the new entities were not Palmer's employer, and in this circuit a plaintiff cannot proceed with Title VII claims against an individual, *see Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).

Palmer next complains about the district court's denial of her motion for a settlement conference. A decision to order parties into settlement proceedings is a matter within the district court's discretion. *United States v. U.S. Dist. Court for N. Mariana Islands*, 694 F.3d 1051, 1059 (9th Cir. 2012). But the district court understood Kaiser was not interested in settling, and under those circumstances, it was not an abuse of discretion for it to decline to order a settlement conference. That is true even assuming Kaiser had settled in cases brought against it by other plaintiffs, as Palmer alleges.

Palmer's remaining arguments attack the grant of summary judgment to Kaiser. She states she "is gravely concerned with authenticity of most all Exhibits attached to" the motion for summary judgment," Opening Br. at 13, and "is requesting further review of all Exhibits provided by Defendant and rebuttals provided," *id.* at 14. However, we examine only the one exhibit she specifically identifies (which also appears to be the only exhibit she objected to in the district court)—a job description including a bachelor's degree requirement, which she alleges was not a requirement when she was hired. *See Requena*, 893 F.3d at 1205. Whether Palmer possessed a bachelor's degree had no bearing on her performance or

5

Henderson's perception thereof, however, so the identified differences in the job descriptions do not create a genuine issue of material fact relevant to the issues before the court.

Palmer also states there exist disputed facts. But she does not specifically identify any material, disputed facts that would undermine the grant of summary judgment to Kaiser. While she alleges Kaiser submitted her deposition as an exhibit before the conclusion of discovery and without her line-item changes, she does not identify how any such changes affected the deposition excerpts Kaiser submitted or otherwise cast doubt on the district court's judgment. And while she states her access to Kaiser's discovery documents was delayed because of an inoperable link, she does not explain how any delay hindered her ability to respond to the motion for summary judgment. *See* Fed. R. Civ. P. 56(d) (requiring nonmovant to "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition").

Palmer further complains Kaiser breached numerous internal policies and procedures. "The mere fact that an employer failed to follow its own internal procedures does not necessarily suggest that the substantive reasons given by the employer for its employment decision were pretextual." *Berry v. T–Mobile USA, Inc.*, 490 F.3d 1211, 1222 (10th Cir. 2007) (ellipsis and internal quotation marks omitted). In addition, in these sections of her brief, Palmer simply identifies evidence she submitted, without making any effort to challenge the district court's rationales regarding such evidence.

Having reviewed the briefs and the record on appeal, for substantially the reasons thoroughly discussed by the district court we conclude the evidence does not create a genuine issue of material fact to be submitted to a jury. As the district court cogently stated with regard to the Title VII claims:

> Plaintiff's description of the manner of Ms. Henderson's communications depicts an unnecessarily unpleasant work environment and perhaps even abusive management. If the issue were merely whether Plaintiff was poorly treated, then Plaintiff would, at a minimum, have raised a triable question of fact on that issue. But absent evidence that *because of her race* Plaintiff was treated differently than her co-workers, or was subjected to a hostile work environment, evidence of general mistreatment of an employee does not present an actionable claim under Title VII.

R., Vol. 5 at 160 (record citations omitted). Likewise, the record does not support Palmer's claims Kaiser acted in violation of the FMLA.[1]

Palmer's request to admit Document 75 into the appellate record is denied as unnecessary, because it already is part of the record on appeal transmitted by the district court. The district court's judgment is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[1] During the litigation, Palmer acknowledged Kaiser was not a proper defendant under the FTCA. The magistrate judge's recommendation found Palmer had abandoned any claim regarding infliction of emotional distress by failing to argue it in her summary-judgment briefing, and also the evidence was insufficient to establish a common-law tort claim. The district court adopted the recommendation. Because Palmer does not challenge these determinations on appeal, we do not address them. *See Requena*, 893 F.3d at 1205.