**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 2, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

EMMA SERNA; MIKE SERNA,

    Plaintiffs - Appellants,

v.

WILLIAM COOKSEY; DANIEL WHITE;
DAVID WEBSTER; MARGETTE
WEBSTER,

    Defendants - Appellees.

No. 22-2063
(D.C. No. 1:20-CV-00689-JB-KRS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Emma Serna and Mike Serna appeal the district court's final judgment in favor

of defendants William J. Cooksey, Daniel White, David Webster, and Margette

Webster.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.      **Background**

A construction-contract dispute between Emma Serna and the Websters has led to more than a decade of litigation in both state and federal courts in New Mexico.  In 2015, a New Mexico state court entered a judgment adopting an arbitration award in favor of the Websters (2015 Judgment).  The Websters proceeded to collect on the 2015 Judgment by garnishing an account at BBVA Compass Bank (the Bank) and foreclosing on real property.

A.      **The Sernas' Complaint**

The Sernas filed this action in federal district court in July 2020 against the Websters and Mr. White, who was the Websters' counsel in the foreclosure action, and Mr. Cooksey, an attorney who represented the Bank in the garnishment proceedings.  The Complaint listed six counts.  Count I, titled "Misrepresentations," alleged that the Websters and Mr. Cooksey misrepresented Margette Webster as "Margaret Webster" to the Bank in order to take the Sernas' Social Security benefits and other funds.[1]

Count II, titled "Void Judgment," alleged that the foreclosure proceedings were invalid because the 2015 Judgment was void and the real property was owned by a trust rather than the Sernas.

---

[1] The case caption on the 2015 Judgment listed the plaintiffs as "Margaret Webster" and David Webster.  R., Vol. 3 at 165.  The state court later amended the case caption to list the plaintiffs as "Margette Webster" and David Webster. *Id.* at 171.

Count III, titled "Deceptive Dealings," alleged that Mr. Cooksey caused the state court to add Emma Serna, individually, as a judgment debtor on the 2015 Judgment, which allegedly was only against Emma Serna d/b/a Serna & Associates, LLC.

Count IV, titled "Nonconsensual Lien & Lis Pendens," alleged a claim for injunctive relief under New Mexico law regarding a nonconsensual common law lien filed by Margette Webster and Mr. White against property owned by the trust.

Count V, titled "Unjust Enrichment," alleged that the Websters used a false writ of garnishment to come onto the trust property and take $20,000, and with the help of Mr. Cooksey, took the Sernas' Social Security payments and other funds deposited at the Bank. Further, Margette Webster allegedly failed to pay the balance owed on the construction contract with Emma Serna.

Count VI, titled "Injunctive Relief," alleged irreparable damage based upon the allegations in the previous Counts.

For relief, the Sernas sought damages, expungement of the lien and release of lis pendens on the trust property, and a declaration that the 2015 judgment is void.

## B.     District Court Orders

In a series of orders, the district court (1) dismissed all claims against Mr. White without prejudice for failure to state a claim upon which relief could be granted; (2) dismissed Emma Serna's claims against the Websters without prejudice because she failed to comply with filing restrictions imposed in another case; (3) remanded two state-court cases the Sernas had removed and denied their motion

3

to exercise supplemental jurisdiction over those cases; (4) determined the court did not have diversity jurisdiction in the case and that the Sernas' Complaint asserted only one federal-law claim (in Counts I and V) that the Websters and Mr. Cooksey violated 42 U.S.C. § 407 by garnishing the Sernas' Social Security payments; (5) determined the court lacked jurisdiction over the Sernas' state-law claims; and (6) dismissed their § 407 claim for lack of jurisdiction under the *Rooker-Feldman* doctrine.

## II.    Discussion

Because the Sernas are proceeding pro se on appeal, we liberally construe their filings, but we do not act as their advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Their opening brief mainly repeats—and adds to—the factual allegations in their Complaint, without challenging the district court's reasoning in dismissing their claims. We construe their brief as asserting four claims of error: (1) the district court erred in dismissing their claims against Mr. White for failure to state a claim; (2) the court erred in holding that they asserted only one federal-law claim; (3) the court erred in dismissing their § 407 claim as barred by the *Rooker-Feldman* doctrine; and (4) the magistrate judge erred by failing to sua sponte recuse.

### A.    Dismissal of Claims Against Mr. White

We review de novo the district court's dismissal of claims against Mr. White under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. *See Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th

4

1062, 1066 (10th Cir. 2022).  To avoid dismissal, the well-pleaded factual allegations in a complaint, without regard to any conclusory statements, "must state a claim to relief that is plausible on its face."  *Id.* at 1067 (internal quotation marks omitted).

The Sernas' Complaint included the following factual allegations regarding Mr. White:  He was the Websters' counsel in the foreclosure action against the Sernas, in which the Websters allegedly used a void judgment to foreclose on property owned by a trust.  Mr. White filed voluminous pleadings and tried "to force the Court to make the trustee disclose the benefactor's personal information." R., Vol. 1 at 18.  Although Mr. White claims that the 2015 Judgment is not void, he agreed otherwise in a state-court hearing, but the stenographer failed to record his agreement.  Mr. White "has lied to the judge, and has shown candor [sic] towards the tribunal, and has refused to correct his misrepresentations."  *Id.*  He filed a lien and lis pendens on property owned by the trust.  Mr. White "is demonstrating candor [sic] towards the tribunal by entering a judgment that is made out to a 'Margaret Webster', and Margette Webster hand wrote 'a/k/a Margette Webster['] in."  *Id.* at 23.

Mr. White argued in his motion to dismiss that it was unclear what claims the Sernas were asserting against him and that they had identified no duty owed to them that he had breached in his representation of the Websters.  The district court held that the Complaint failed to state a plausible claim against Mr. White based upon his representation of the Websters in the allegedly unfair foreclosure proceedings.

On appeal, the Sernas continue to complain about Mr. White's filings on behalf of the Websters in a "Wrongful Foreclosure" action.  Aplt. Opening Br. at 9.

They characterize his actions as a "Fraud on the Court" that "induc[ed] the erroneous decision," *id* at 3, a "Fatal error of law," and a "false statement to obtain property by false pretenses," *id.* at 10. The Sernas assert that Mr. White is liable for a "wrongful levy." *Id.* at 18. But they continue to cite no authority for the proposition that counsel for a party in a foreclosure proceeding owes a legal duty to the opposing party. We conclude the Sernas fail to show error in the district court's dismissal of all claims against Mr. White for failure to state a claim.

### B.    Single Federal Claim

The Sernas appear to argue that their Complaint asserted multiple federal-law claims. In assessing subject-matter jurisdiction over the Sernas' Complaint, the district court construed it as asserting only one federal-law claim: that the Websters and Mr. Cooksey had violated 42 U.S.C. § 407 by garnishing their Social Security benefits. We review de novo the district court's assessment of the basis for federal subject-matter jurisdiction. *See Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022).

The Sernas cite the United States Constitution and various federal statutes purportedly violated by the defendants as alleged in their Complaint.[2] The district court's ruling on this issue adopted a magistrate judge's proposed findings and recommended disposition (PFRD). But other than § 407, the Sernas' objections to

---

[2] The Sernas cite criminal statutes, the federal Declaratory Judgment Act, the False Claims Act, and 42 U.S.C. § 1983, as well as a Department of Agriculture regulation.

the PFRD cited only the Fifth Amendment as a federal basis for their claims. They therefore waived appellate review of their new arguments based on other federal laws. *See Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996) (holding that specific appellate arguments not raised in objections to a magistrate judge's recommendation are waived). We conclude that the interests of justice do not support an exception to our firm waiver rule in this case. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (discussing the factors relevant to determining whether to apply the interests-of-justice exception).

As to the argument they did preserve, the Sernas fail to explain how their factual allegations support a Fifth-Amendment claim against the Websters or Mr. Cooksey. We conclude the Sernas fail to show error in the district court's conclusion that their Complaint raised only one federal-law claim.

### C.    Dismissal of § 407 Claim

As part of their collection efforts on the 2015 Judgment, the Websters sought to garnish an account at the Bank belonging to the Sernas (the Garnished Account). The district court construed the Sernas' Complaint as alleging that the Websters and Mr. Cooksey violated § 407 by garnishing their Social Security payments in the Garnished Account. Section 407 provides that "none of the moneys paid or payable . . . under [the Social Security Act] shall be subject to execution, levy, attachment, garnishment, or other legal process." 42 U.S.C. § 407. The district court granted the Websters' and Mr. Cooksey's summary judgment motions, holding that

the Sernas' § 407 claim was barred by the *Rooker-Feldman* doctrine.[3]  We review

this issue de novo.  *See Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir.

2023).

"Pursuant to 28 U.S.C. § 1257(a), federal review of state court judgments can

be obtained only in the United States Supreme Court."  *Tal v. Hogan*, 453 F.3d 1244,

1255 (10th Cir. 2006) (internal quotation marks omitted).  The *Rooker-Feldman*

doctrine precludes federal district courts from exercising jurisdiction in "cases

brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments."  *Id.* at 1255-56 (internal quotation marks

omitted).

> [The] doctrine recognizes a jurisdictional bar on lower federal courts'
> review of claims where (1) the plaintiff lost in state court, (2) the state court
> judgment caused the plaintiff's injuries, (3) the state court rendered
> judgment before the plaintiff filed the federal claim, and (4) the plaintiff is
> asking the district court to review and reject the state court judgment.

*Bruce*, 57 F.4th at 746.

---

[3] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*,
460 U.S. 462 (1983).

In September 2018, two years before the Sernas filed this action, the state court entered a Judgment on Writ of Garnishment (the 2018 Judgment). *See* R., Vol. 3 at 207-12. The 2018 Judgment provided as follows:

- Funds totaling $10,988.22 were held in deposit at the Bank in the Garnished Account, a joint account in the names of Emma Serna and Mike Serna, as joint tenants.

- All funds held in the Garnished Account were the result of a single deposit by Emma Serna, who confirmed the funds were her sole property and not the property of Mike Serna.

- Emma Serna did not file a claim of exemption with the state court.

- None of the funds held in the Garnished Account were exempt from attachment. In particular, such funds were not derivative of Social Security deposits by Emma Serna or Mike Serna.

- An earlier state-court order stating that Emma Serna may not be the judgment debtor on the 2015 Judgment was rescinded and she was recognized as the judgment debtor.

- The Bank was ordered to turn over to the Websters the funds held in the Garnished Account, less the Bank's costs and attorney fees.

- The net sum of $8,964.72 was ordered disbursed to the Websters and was deemed a partial payment and reduction of the 2015 Judgment.

The district court held it lacked jurisdiction over the Serna's § 407 claim under the *Rooker-Feldman* doctrine because the Sernas complained of injury caused by the 2018 Judgment and sought review and rejection of that judgment.

The Sernas contend their main complaint is not that the judgment is void but that the Websters engaged in unlawful conduct. But the specific wrongful act alleged in their § 407 claim was the garnishment of their Social Security payments. Although their Complaint spoke in terms of actions by the defendants, the allegedly wrongful garnishment of funds from their account at the Bank occurred by order of the state court in the 2018 Judgment. *See Campbell v. City of Spencer*, 682 F.3d 1278, 1284 (10th Cir. 2012) (holding that although "the complaint speaks in terms of actions by the defendants . . . the deprivation of property that was allegedly without just compensation or due process was the deprivation ordered by the state court"). Thus, the Sernas' § 407 claim had merit only if the 2018 Judgment "was unlawful on the record before that court." *Id.*

The Sernas argue *Rooker-Feldman* does not apply because the Websters misused the judicial process. But in *Campbell*, we rejected the plaintiff's contention that her Fifth-Amendment claim was not barred by *Rooker-Feldman* because the defendants deprived her of due process by "unconstitutionally using" the state's forfeiture procedures. *Id.* (internal quotation marks omitted). We concluded the plaintiff's injury was still caused by the state court's forfeiture order. *Id.*

Finally, the Sernas cite the Ninth Circuit's holding in *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004), that "a plaintiff in federal court can seek to

10

set aside a state court judgment obtained through extrinsic fraud." But the district court did not err in rejecting this contention because this court does not recognize a fraud exception to the *Rooker-Feldman* doctrine. *See Tal*, 453 F.3d at 1256-57 (holding *Rooker-Feldman* applied despite claim that state-court judgment was obtained through fraud).

### D.    Magistrate Judge's Failure to Sua Sponte Recuse

The Sernas argue that the magistrate judge had a duty to disqualify himself under 28 U.S.C. § 455 after they filed objections to a PFRD.[4] Section 455 requires a magistrate judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and in other enumerated circumstances, including "[w]here he has a personal bias or prejudice concerning a party." § 455(a), (b)(1).

The Sernas did not move for the magistrate judge's recusal under § 455. They argue that section "is self-executing." Aplt. Opening Br. at 8. But while a magistrate judge may have a duty to sua sponte recuse, that does not mean a party can necessarily raise a disqualification issue for the first time on appeal. *See United States v. Lang*, 364 F.3d 1210, 1216 (10th Cir. 2004) (noting circuit precedent holding that a recusal issue is not preserved for review absent timely objection in the district court pursuant to § 455), *vacated on other grounds*, 543 U.S. 1108 (2005).

---

[4] It is unclear which of two PFRDs the Sernas reference. They describe the relevant PFRD as disposing of their case, which would appear to refer to the second PFRD issued by the magistrate judge that recommended dismissal of their § 407 claim. This lack of clarity does not affect our disposition of their failure-to-recuse argument.

At the very least, the Sernas must show plain error. *See id.* at 1216-17 (declining to resolve circuit disagreement on standard of review and reviewing for plain error); *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) (reviewing recusal argument not raised in the district court for plain error).

The Sernas make no attempt to show plain error, nor could they. They argue only that the magistrate judge erred in issuing a PFRD. But "[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *Mendoza*, 468 F.3d at 1262.

## III.    Conclusion

We affirm the district court's judgment. The Sernas' filing titled "Request Recusal of Appellee Daniel White as Appellee's David and Margette Webster's Attorney," construed as a motion to disqualify Mr. White as the Websters' counsel in this appeal, is denied.

Entered for the Court

Carolyn B. McHugh
Circuit Judge